**WILLIAM F. JOBBINS, Inc.**

**v.**

**AMERICAN EXPORT LINES, Inc., et al.**

United States District Court
S. D. New York.

Jan. 5, 1954.

Bigham, Englar, Jones & Houston, New York City, for libelant.

Haight, Deming, Gardner, Poor & Havens, New York City, for respondent American Export Lines, Inc.

Macklin, Speer, Hanan & McKernan, New York City, for respondent Evans Transp. Corp.

SUGARMAN, District Judge.

Libelant, William F. Jobbins, Inc., an Illinois corporation, moves for an order vacating or modifying respondent's notice to examine it upon oral deposition by "John Doe", its president and "Richard Roe", its vice-president, in New York City. As alternatives to vacating respondent's notice, libelant asks that the deposition be taken by written interrogatories, or upon oral examination in Illinois, the expense of movant's counsel being taxable as costs against respondent or upon oral examination in New York, the expense of the officers' attendance being taxable as costs. The suit is to recover for alleged damage to and short delivery of a shipment of aluminum in-

gots carried from Venice to New York. The notice also calls for defendant's production at the examination of records and documents concerning the shipment, including insurance papers.

The respondent should have the benefit of the more complete technique of oral deposition and the branch of the motion that the examination be conducted by written interrogatories is denied.[1]

The libelant having selected this forum and no unusual circumstances appearing, it should submit to oral examination here at its own expense, or in the alternative pay the respondent's counsel's reasonable expenses in going to Illinois, if it chooses the latter course.[2] Thus, the branch of the motion seeking to tax as costs the expense of bringing libelant's officers to New York for oral examination is denied. But, should libelant elect to hold the examination in Illinois, the branch of the motion seeking to tax as costs the expense and reasonable counsel fee of libelant's counsel in going to Illinois is denied and should libelant elect that the examination be held in Illinois, libelant shall prepay respondent's counsel's reasonable expenses in attending the taking of the deposition in Illinois.

There is insufficient in the papers upon which to determine now whether the testimony, when sought, will appear "reasonably calculated to lead to the discovery of admissible evidence." [3]

Hence, the branch of the motion to limit the examination is denied, but without prejudice to an application by libelant during the examination for relief from annoyance, embarrassment or oppression.[4]

Settle order.

**1.** Worth v. Trans World Films, Inc., D.C., S.D.N.Y., 11 F.R.D. 197.

**2.** See Taejon Bristle Mfg. Co., Ltd. v. Omnex Corp., D.C., S.D.N.Y., 13 F.R.D. 448.

**3.** Fed.Rules Civ.Proc. 26(b), 28 U.S.C.A.

**4.** Fed.Rules Civ.Proc. 30(d).