John Duncan Harcourt SLADE, Plaintiff,

v.

TRANSATLANTIC FINANCING CORPORATION (a Liberian corporation), Transatlantic Financing Corporation (a Panamanian corporation), Transatlantic Financing Corporation (a Delaware corporation), Eastern Aircraft Sales Corporation (a New York corporation), Eastern Aircraft Sales Corporation (a Delaware corporation), Anthony G. Couloucoundis, Elias Kulukundis, C. T. Shen and C. Y. Chen, Defendants.

United States District Court
S. D. New York.
Nov. 15, 1957.

John M. Friedman, New York City, for plaintiff.

Hill, Betts & Nash and Cadwalader, Wickersham & Taft, New York City, John F. Lang and Peter M. Brown, New York City, of counsel, for defendants.

LEVET, District Judge.

Plaintiff, an English citizen and a resident of London, has moved for an order pursuant to Rule 30(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., vacating defendants' notices to take his deposition.

This action was brought to recover $500,000 as compensation for services allegedly rendered by plaintiff in assisting defendants in the sale of certain vessels to Turkey at a price in excess of $14,000,000.

█ The rule is well settled that a non-resident plaintiff who chooses this forum makes himself available to examination here in the absence of a showing of unreasonable hardship or the presence of special circumstances. See Producers

Releasing Corporation De Cuba v. PRC Pictures, Inc., D.C.S.D.N.Y.1948, 8 F.R. D. 254, 256; Zweifler v. Sleco Laces, Inc., D.C.S.D.N.Y.1950, 11 F.R.D. 202, 204; William F. Jobbins, Inc., v. American Export Lines, Inc., D.C.S.D.N.Y.1954, 16 F.R.D. 178, 179.

No such showing has been made on this motion. The affidavits of plaintiff's counsel allege on information and belief that plaintiff has no net worth, that he earns about thirty English pounds per week, and that he is employed in the heating business which is at present in its busy season. Counsel states that he obtained this information from a friend of plaintiff who is here on a business trip. On the argument of this motion plaintiff's counsel submitted a telegram which he had received from the plaintiff sent from the London Airport, which reads as follows:

> "Just Arrived From France Am Without Funds And Pressure Work Makes Impossible Travel America This Time"

The court is not persuaded from the foregoing papers that the taking of plaintiff's deposition in New York would constitute a severe and burdensome hardship on him. In any event, whatever hardship might result to plaintiff must be weighed against the need which the nine defendants in this action have for oral examination in order to adequately prepare for trial. See Hyam v. American Export Lines, Inc., 2 Cir., 1954, 213 F.2d 221, 222. A $500,000 recovery is sought in this action and extensive factual issues appear to be involved. The multi-million dollar transaction which gave rise to this litigation took place abroad and apparently required over two years to consummate. The alleged contract between the parties is not in writing and substantial proof concerning its existence and terms will, no doubt, be required.

Under these circumstances, defendants are entitled to examine plaintiff orally and should not be required to pay plaintiff's traveling and living expenses for the opportunity to do so. See V. O. Machinoimport v. Clark Equipment Co., D.C.S.D.N.Y.1951, 11 F.R.D. 55, 60.

Accordingly, plaintiff's motion is denied and he will be required to submit to examination in this forum, traveling at his own expense, at a time and place to be agreed upon by counsel.

Settle order on notice.