**HAVILAND & CO., Incorporated,**
**Plaintiff,**

v.

**MONTGOMERY WARD & CO., Incorporated, Johann Haviland China Corporation, Rosenthal Glass & Silver Corporation, Arthur Scholder,**

and

**Porzellanfabrik Waldershof A.G., vormals Johann Haviland, Defendants.**

United States District Court
S. D. New York.
Dec. 31, 1962.

Pennie, Edmonds, Morton, Barrows & Taylor, New York City, for plaintiff. Charles E. McKenney, New York City, of counsel.

Spiro Felstiner & Prager, New York City, for defendants. William W. Prager, New York City, of counsel.

WEINFELD, District Judge.

This litigation revolves about a trademark "Haviland" claimed by plaintiff, which is used on merchandise, the sale of which runs into millions of dollars annually.

More than two years ago the defendants served a notice to take the deposition of the plaintiff by the Chairman of its Board of Directors, resident in Limoges, France. No action was taken to vacate that notice until recently when the defendants pressed for the examination, whereupon the plaintiff made the present motion to vacate the notice (including a subsequent one served by the defendants). The principal ground for vacatur of the notice is that William D. Haviland, the officer whose testimony is sought, is too old (eighty years) and too ill to travel or to be examined upon oral deposition.

As to the claim of physical incapacity to attend here or to be deposed orally, this issue was raised for the first time eighteen months after the service of the original notice. A physician submitted an affidavit that William D. Haviland has suffered since 1952 from a heart condition, for which the doctor has prescribed rest, absence of any effort, small walks, confinement to his home in windy or cold weather, and prohibition of any travel. The doctor concludes: "It would also be prohibited, as regards the physical aspect and while taking into consideration the necessity of moral tranquility, to make an appearance at a lawsuit even if the latter were to take place in Limoges, and, still more so, in the United States."

Giving full weight to the physician's medical judgment, a fair reading of the

affidavit indicates that the proposed witness would be able, without impairment to his health, to testify for limited periods each day at his home or some other convenient place at Limoges. The force of the affidavit is considerably weakened by the references to illnesses not of an uncommon nature, going back to 1941 and 1949, and which have not during the succeeding years prevented him from carrying on business activities on behalf of the plaintiff. It is not unusual in this Court to require defendants, with physical ailments similar to and even more aggravated than that of the witness, to proceed in a criminal prosecution, with its greater emotional impact upon them than would be the case in a civil suit, but for limited periods instead of the usual hours of trial. A similar provision for the protection of the witness to be deposed can readily be provided.

It is also urged that the deposition of William D. Haviland is not necessary, since all the relevant facts have been obtained through the deposition of plaintiff's president. Of course, if such is the fact, then he ought not to be examined. On the other hand, the defendants should not be restricted if the deposition is reasonably calculated to lead to the discovery of admissible evidence touching upon the defense.

William D. Haviland has been active in the affairs of the plaintiff since 1919. The plaintiff claims title to trade-marks in issue through him. Thus, it appears his testimony is important and may be of significance, particularly on the issue of laches with respect to the defendants' use of its trade-mark claimed to infringe on the plaintiff's. The papers on this motion indicate that William D. Haviland has personal knowledge of the issues of plaintiff's and defendants' asserted claims of title, laches and agreements touching upon the marks, as to which an officer of plaintiff who has thus far been examined has denied knowledge.

The plaintiff has selected this forum to enforce its rights and necessarily must expect that its officers and managing agents will be subjected to its process.[1] Ordinarily, the plaintiff's deposition should be taken in this District, but in view of William D. Haviland's age and the claim of illness, it may, at plaintiff's option, be taken at his residence or some other convenient place at Limoges, France, conditioned, however, upon payment by the plaintiff to the defendants of first class air travel for its counsel, a per diem allowance for necessary attendance upon such deposition, and a reasonable counsel fee for attendance thereat, to be fixed in the order to be entered hereon; otherwise, the deposition shall be taken at this Courthouse.[2] The order shall contain an appropriate provision that the taking of testimony shall be for limited periods each day, consistent with Haviland's health, and shall continue from day to day until completed.

1. See V. O. Machinoimport v. Clark Equipment Co., 11 F.R.D. 55, 58 (S.D.N.Y. 1951).

2. Cf. Morrison Export Co. v. Goldstone, 12 F.R.D. 258 (S.D.N.Y.1952); Worth v. Trans World Films, Inc., 11 F.R.D. 197 (S.D.N.Y.1951).