**Eberhard SEUTHE, Plaintiff,**

v.

**RENWAL PRODUCTS, INC., a corporation, Renwal Manufacturing Co., Inc., a corporation, F. A. O. Schwarz, Inc., a corporation, and R. H. Macy, Inc., a corporation, Defendants.**

United States District Court
S. D. New York.

Sept. 15, 1965.

---

Arthur O. Klein, New York City, for plaintiff.

Arthur H. Rosenbloom, New York City, for defendants.

FEINBERG, District Judge.

Plaintiff Eberhard Seuthe moves to quash defendants' notice to take his deposition in New York City. Plaintiff is a resident of West Germany and brought suit in May 1965 in this court against defendants Renwal Products, Inc., Renwal Manufacturing Co., Inc., F. A. O. Schwarz, Inc., and R. H. Macy, Inc. The complaint alleges unfair competition by the first two defendants and patent infringement by all four defendants. Plaintiff moves to quash under Fed.R. Civ.P. 30(b) on the ground that compelling him to travel from West Germany to New York for the deposition would be an unnecessary hardship.

■■■ · The general rules to be applied in cases of this sort are simple to state. Ordinarily, a defendant is entitled to examine a plaintiff in the forum where plaintiff has chosen to sue. Haviland & Co. v. Montgomery Ward & Co., 31 F.R.D. 578 (S.D.N.Y.1962); Develop-ments in the Law—Discovery, 74 Harv. L.Rev. 940, 981–82 (1961). However, if special circumstances are shown, such as hardship or burden to the plaintiff, which outweigh any prejudice to the defendant, the general rule may yield to the exigencies of the particular case. The matter rests in the discretion of the court and there must be a careful weighing of the relevant facts. See Hyam v. American Export Lines, Inc., 213 F.2d 221, 222–223 (2d Cir. 1954). Thus, there is no hard and fast rule, and the same judge may on one set of facts require plaintiff to travel 3,000 miles from his residence to the forum for his deposition and yet on other facts fashion alternative relief. *Compare* original decision in O'Hara v. United States Lines Co., 164 F.Supp. 549, 551 (S.D.N.Y. 1958) *with* modification on reargument.

Plaintiff here justifies a protective order because (1) he "cannot afford at this time" the expenses of travel from West Germany to New York and (2) the subjects of examination are "comparatively simple and can be inquired into effectively by written interrogatories." The latter argument is not weighty. Defendants' answer and counterclaim in this case, *inter alia,* attack the validity of plaintiff's patent. The basis of plaintiff's claim of unfair competition is a purportedly confidential disclosure to two of the defendants. Among the matters on which defendants propose to depose plaintiff are such crucial facts as date of invention, prior use, when the confidential disclosure was made, to whom and by whom, the substance thereof, and any supporting documents. Ordinarily, interrogatories are not an effective substitute for an oral deposition, particularly where an adverse party is under examination. The issues mentioned above and others set forth in the papers are clearly the type on which opposing counsel is usually entitled to ascertain the facts directly and face to face to minimize any attempts to be evasive or recalcitrant.

■ Accordingly, it is the claim of financial hardship that lends whatever weight there may be to plaintiff's position. Such claims must be considered seriously and scrutinized with great care. The court must be careful not to thwart a meritorious claim by an impecunious plaintiff by refusing to stay a burdensome deposition. On the other hand, before sharply restricting rights defendants would have in an ordinary case, the court should be convinced that there is a substantial reason for doing so. After reading the papers most carefully, I conclude that this is not the type of situation that requires court intervention to protect plaintiff. The allegations in plaintiff's papers are conclusory at best and contain no facts and figures on his income or business other than characterizing them as "modest." Plaintiff has brought serious charges against these defendants and seeks an accounting, triple damages and both a preliminary and final injunction. Under the circumstances, in the exercise of my discretion, plaintiff's motion to quash the notice of deposition will be denied. Cf. Slade v. Transatlantic Financing Corp., 21 F.R.D. 146 (S.D.N.Y.1957) (London resident plaintiff required to appear here despite affidavit of "no net worth" and earnings of thirty pounds per week). Of course, an effort should be made to have the examination accommodate plaintiff within reasonable limits. Defendants' counsel is directed to confer with plaintiff's counsel to agree on a time for examination within the next six months that will be least inconvenient for plaintiff. In the unlikely event that plaintiff wishes to have the examination taken in West Germany at his own expense, which would probably cost him more than making a trip to New York, he may elect to do so if he prepays reasonable expenses and counsel fees of defendants' counsel in an amount to be fixed by the court, unless otherwise agreed to.

■ Plaintiff has also moved to quash defendants' "deposition subpoena," which purports to require plaintiff to bring with him "all books, papers, records, correspondence, and each and every physical object bearing upon plaintiff's purported causes of action * * *." Plaintiff urges that some of the documents sought might violate the attorney-client privilege and that the subpoena is too vague. Defendants argue that the attorney-client privilege can be raised at the deposition in the context of specific documents and should not bar production now in omnibus fashion. With regard to the purported vagueness of the subpoena, defendants agree to amend the notice to specify more clearly the documents sought. The parties are directed to confer in an effort to agree on what documents defendants seek and plaintiff is willing to produce. It is, of course, in plaintiff's interest to have the deposition here as complete as possible to avoid any request for further deposition testimony. Should there be any documents concerning which agreement is not reached, defendants should move under Rule 34 for their production. While it is true that a party need not be subpoenaed to a deposition, compulsion on failure to produce documents by a party is achieved by proceeding under Rule 34. See 4 Moore, Federal Practice ¶ 26.10 [1] at 1133 (2d ed. 1963).

Accordingly, the motion to quash the notice of plaintiff's deposition is denied; the motion to quash the "deposition subpoena" is granted, without prejudice to the bringing by defendants of a Rule 34 motion, if necessary. Settle order on notice in accordance with this opinion.