**Jovica PATENOGIC, Plaintiff,**

v.

**UNITED STATES STEEL CORPORA-TION, Defendant.**

**No. 67-Civ. 3583.**

United States District Court
S. D. New York.

Oct. 27, 1967.

Gair & Gair, New York City, by Bernard Loudin, New York City, of counsel, for plaintiff.

Willkie, Farr, Gallagher, Walton & Fitzgibbon, New York City, by Chester J. Straub, Peter S. Davis, New York City, of counsel for defendant.

CROAKE, District Judge.

MEMORANDUM

This is a motion for a protective order under Rule 30(b), Fed.R.Civ.P. Plaintiff, a citizen of Yugoslavia and Professor of International Law at Belgrade University, was in New York for the 1966–67 academic year on a Ford Foundation fellowship. On April 12, 1967, a crane owned by defendant fell upon the bus in which plaintiff was a passenger. This suit is for injuries allegedly sustained as a result of that incident.

Defendant has noticed the taking of plaintiff's deposition in New York on October 30, 1967. Plaintiff is now back in Yugoslavia and argues that requiring him to attend a deposition in New York on that date would impose a needless economic and physical hardship. Defendant argues that plaintiff has chosen this forum in which to sue and should not be heard to complain that his appearance for a deposition would work undue hardship upon him. See Slade v. Transatlan-

tic Financing Corporation, 21 F.R.D. 146 (S.D.N.Y.1957); Haviland & Co. v. Montgomery Ward & Co., 31 F.R.D. 578 (S.D.N.Y.1962); and Seuthe v. Renewal Products, Inc., 38 F.R.D. 323 (S.D.N.Y. 1965).

■ It is established that Rule 30(b) motions are directed to the discretion of the court, Hyam v. American Export Lines, 213 F.2d 221 (2d Cir. 1954), and the test as laid down by the court of appeals is as follows:

"[The preference as to time and place of a party noticing a motion], if opposed under Rule 30(b), must be weighed both against his actual, as distinguished from his supposed, need for oral examination at the forum and against the resulting burden to his opponent." 213 F.2d 221 at 222.

As defense counsel point out, the precise burden on plaintiff of appearing in New York is not as fully set forth in the moving papers as it might have been. Conspicuously absent are any specific reasons why a plane trip would work more than ordinary physical hardship on the plaintiff. Because of the absence of any affidavits in this regard signed by the plaintiff, himself, the discretion of the court as exercised herein does not rest on a finding of undue *physical* hardship to plaintiff. It is clear, however, without any affidavit from plaintiff, himself, that a trip to the United States would entail time away from his teaching duties, plus expenses for round-trip airfare, lodging, and meals.

Under the test set forth above, this burden to the plaintiff must be weighed against defendant's need for an oral examination *on the date set* in the notice of deposition. This need appears to be minimal. From the nature of the accident it appears that plaintiff by virtue of his "innocent bystander" status, could shed no light on questions relating to liability. Defendant does not say that it seeks such information and, indeed, its supporting papers suggest that the desired inquiry would be exclusively directed towards ascertaining the precise nature and extent of the claimed injuries. According to plaintiff's moving papers (and defendant makes no representation to the contrary), "prior to his return to his own country [plaintiff] made himself available for a physical examination by a physician of defendant's choosing. He was examined and medical reports concerning Dr. Patrnogic's injuries were furnished to the defendant. In addition, it was agreed that the defendant would have the right to a further physical examination of the plaintiff, five days prior to trial." [1]

■ Plaintiff has not asked to eliminate entirely the taking of the deposition but rather to postpone it until 10 days prior to trial or, alternatively, to order that the deposition be taken on written interrogatories. The court sees no reason why these two remedies cannot be combined to the advantage of all concerned. Accordingly, plaintiff's motion to have the taking of the deposition postponed until 10 days before trial is granted on the understanding that plaintiff will make himself available for medical examination on or before that date[2] and in the meantime defense counsel, if he is so advised, may serve written interrogatories.

Settle order.

This motion is not directed to a proposed physical examination and the court has no intention of modifying or superseding any agreement between counsel with respect to physical examinations except to the extent noted at footnote 2, infra, as one condition upon which plaintiff's relief is granted.

1. Defense counsel do take issue with plaintiff's representation that it was "agreed that the defendant would have the right to a further physical examination of the plaintiff five days prior to trial." Specifically, defense counsel stated in his affidavit that "this is not a true statement of the agreement [which was] that the defendant would have the right to so examine plaintiff at any time prior to trial."

2. See note 1, supra.