**GROTRIAN, HELFFERICH, SCHULZ, TH. STEINWEG NACHF.; a corporation,**

v.

**STEINWAY & SONS.**

**No. 69 Civ. 3320.**

United States District Court, S. D. New York.

Dec. 9, 1971.

Von Maltitz, Derenberg, Kunin & Janssen, New York City, for plaintiff; Dean A. Olds, Hume, Clement, Hume & Lee, Ltd., Chicago, Ill., of counsel.

Morgan, Finnegan, Durham & Pine, New York City, for defendant; Granville M. Pine, Harry C. Marcus, Kurt E. Richter, New York City, of counsel.

## ENDORSEMENT

LASKER, District Judge.

Defendant, Steinway & Sons, moves pursuant to Rule 26(c), Fed.R.Civ.Proc., for a protective order that plaintiff's notice of taking deposition in Germany of one of its own executive officers be vacated and that the testimony of the witness be taken within the Southern District of New York. For the reasons set forth below the motion is granted.

Since plaintiff has chosen this forum, it cannot impose upon defendant the extraordinary expense and burden of traveling to a foreign country to conduct a deposition except on a showing of burden and hardship to the plaintiff. Slade v. Transatlantic Financing Corp., 21 F. R.D. 146 (S.D.N.Y.1957); V. O. Machinoimport v. Clark Equipment Co., 11 F. R.D. 55, 58 (S.D.N.Y.1951).

Here, there has been no such showing. There is no first-hand evidence that the witness Steinweg is in fact in such poor health that he cannot appear in New York by jet plane quickly and with a modicum of comfort. Steinweg has not submitted any affidavits either of his doctor or himself specifying the nature of his illness or infirmity. The mere fact that Steinweg is 72 years of age is not sufficient to prove "hardship" within the meaning of the Rule. Slade v. Transatlantic Financing Corp., supra; Haviland & Co. v. Montgomery Ward & Co., 31 F.R.D. 578 (S.D.N.Y. 1962).

Orchestra conductors, businessmen and statesmen travel comfortably between continents at advanced ages. Nothing in the record indicates why Steinweg cannot do do.

Furthermore, there is merit to defendant's contention that it may be put at a

disadvantage in cross-examining Steinweg on deposition abroad. Defendant points out that Steinweg's deposition is intended to serve as his trial testimony; that, therefore, more than normal routine objections may be raised at the deposition, and, if taken abroad, the court would not be available to rule on such objections at the time, an important factor when one is dealing with material that will be used as trial testimony. While this consideration alone would not be decisive, it supports the conclusion that the deposition—of a principal to be used for trial purposes—should be conducted in the forum in which plaintiff has chosen to sue.

This court's order of November 18, 1970 is irrelevant to the motion at hand. There we stated that if the deposition of Steinweg were taken in Germany by *defendant*, plaintiff should not be required to pay travel expenses to defendant or its counsel. However, in this case *plaintiff* is asking to depose Steinweg outside the forum of its own choosing at a substantial distance and in a foreign country.

Plaintiff's reliance on Haviland & Co. v. Montgomery Ward & Co., supra at 580, is misplaced. In that case *defendant* (not, as here, plaintiff) sought plaintiff's deposition in a foreign country. And, unlike the instant action, in *Haviland* plaintiff submitted a physician's affidavit of compelling significance which demonstrated that the witness could not travel without seriously impairing his health. Finally, the court granted the relief sought by plaintiff only on condition that the deposing party pay to the other party the expenses of foreign travel. Even then, the Court remarked that the relief granted was rare and unusual.

The motion for a protective order is granted.

Submit order on notice.