Nicolas de **DALMADY**, Plaintiff,

v.

**PRICE WATERHOUSE & COMPANY,**
**Defendant.**

**Civ. No. 310–73.**

United States District Court,
D. Puerto Rico.

Oct. 29, 1973.

George L. Weasler, Santurce, P. R., for plaintiff.

Alberto Picó, San Juan, P. R., for defendant.

## ORDER

TOLEDO, District Judge.

This cause is before the Court pursuant to plaintiff's motion of August 24, 1973, for protective order under Rule 26(c) of the Federal Rules of Civil Procedure, and defendant's opposition to the same.

Plaintiff, who is a resident and citizen of Venezuela,[1] filed his motion in view of the fact that defendant notified his attorney, on August 16, 1973, of its intention to take his deposition on October 30, 1973 in San Juan, Puerto Rico.

It is plaintiff's contention that he does not have the financial means to pay his fare to and from Venezuela, or to pay for his lodging in Puerto Rico while his deposition is taken by the defendant. Likewise, he asserts it is impossible for him to arrange his personal and business affairs in Venezuela with sufficient time to come to Puerto Rico without financial sacrifice. Accordingly, plaintiff requests that, in view of the disparity of financial capacity and resources between the parties, this Court, under its discretion, determine that the taking of plaintiff's deposition under the above circumstances will be an undue burden and expense; and issue a protective order requiring the defendant to advance to the plaintiff reasonable transportation and lodging expenses, or in the alternative, order that some other method of discovery other than oral deposition by defendant, be used.

Plaintiff's motion is not supported by an affidavit on his part attesting to his financial and hardship conditions and is not a verified motion.

Defendant opposes plaintiff's request on the ground that since plaintiff represents himself in his complaint as possessing considerable "skills and knowledge in the field of accounting and related subjects" he should have the necessary financial means. Additionally, defendant asserts that since plaintiff has selected this forum for trial, he may be called upon to present himself here for the taking of his deposition; and that he has not demonstrated that special circumstances, specific reasons supported by clear evidence, exist in order to relieve him from attending a deposition in the forum he selected.

While it is true that it is the general rule that when a plaintiff selects a forum for filing his complaint he may be called upon to present himself at that place for the taking of his deposition, 4 Moore's Federal Practice, Section 26.70 [1.–2], Page 26–509 (1970 ed.); 8 Wright & Miller, Federal Practice & Procedure, Section 2112, Page 405 (1970 ed.); Cf. Seuthe v. Renwal Product, Inc. (D.C.N.Y.1965), 38 F.R.D. 323, such rule is not to be applied absolutely and inflexibly to every situation. Special circumstances may be present, such as hardship or financial burden to a plaintiff, which may outweigh any prejudice to the defendant and require the general rule to yield to the exigencies of the particular case. Seuthe v. Renwal Products, Inc., supra. Since the location designated for the taking of a deposition, as well as the conditions to be met before so doing, are solely within the discretion of this Court. Powell v. International Food Service Systems, Inc. (D.C.P.R.1971), 52 F.R.D. 205, it is when a person will suffer a great hardship by, or is economically incapable of submitting to a deposition as notified, that a motion under-

---

1. Plaintiff filed a complaint before this Court against defendant basically asserting that after promises of security and permanency in his employment, he accepted employment with the defendant in its offices in Caracas, Venezuela in 1954; that through the years he had advances in salaries, benefits and responsibilities and reassurances of permanency in his employment, while serving in various branches of defendant; and, that in 1972, without just cause, he was discharged by defendant in the Puerto Rico branch, in violation of the terms and conditions of the agreement he had with defendant, this causing him damages in the amount of $1,250,000.00

Rule 26(c) of the Federal Rules of Civil Procedure is most apt.

The appropriate analysis for situations like the present one, has been adequately expressed by the Court of Appeals for the Second Circuit in Hyam v. American Export Lines, Inc., 213 F.2d 221 (1954), wherein the Court said, at page 222:

" * * * Thus, not in every case is a party seeking pre-trial discovery entitled as of right to a deposition on oral examination at the sites of the forum. His preference therefor, if opposed under Rule 30(b) (now 26(c)), must be weighed both against his actual, as distinguished from his supposed, need for oral examination at the forum and against the resulting burden to his opponent. Where these considerations are in serious conflict, the judge after weighing the impact of his ruling on the parties may order the deposition to be taken, if not at the forum, at an appropriate distant place under terms whereby the reasonable expense thereof may ultimately be reflected in the taxable costs, or may order that the deposition be taken, at least in the first instance, only on written interrogatories."

See also Patrnogic v. United States Steel Corp. (D.C.N.Y.1967), 43 F.R.D. 402.

■ In order for this Court to appropriately and responsibly use its conferred discretion on the matter, it must be placed in a position to adequately and carefully weigh all the relevant facts. This, plaintiff has failed to do. All his statements in favor of his' motion are contained in the unverified motion his attorneys filed. It is not sufficient that plaintiff's attorneys make naked assertions with respect to the financial and hardship conditions faced by . him. Well prepared and complete affidavits on his part are necessary to corroborate and give substance to his attorneys' assertions. Cf. Powell v. International Food Service Systems, Inc., supra; Patrnogic v. United States Steel Corp., supra; Seuthe v. Renwal Products, Inc., supra; Rifkin v. United States Lines Co. (D.C.N.Y.1959), 177 F.Supp. 875; Coburn v. Warner (D.C.N.Y.1951), 12 F.R. D. 188. Only through such sworn statements would plaintiff be able to show good reasons why the conditions with respect to his notified deposition be changed and to satisfy his burden of showing good cause for such a change. Baker v. Standard Industries, Inc. (D.C. P.R.1972), 55 F.R.D. 178.

■ Under the circumstances of this cause, we are of the opinion that the cause of justice is best served by vacating the notice of deposition involved herein. While ordinarily the present moment would be late for such a disposition, since since as we have said the deposition is scheduled for tomorrow, we cannot penalize the plaintiff because of this Court's delay in attending his motion. Plaintiff's motion, although not adequately filed, was seasonably made. See Baker v. Standard Industries, Inc., supra. We are mindful that by this time the defendant may have incurred in some use of time and money in the preparation for the deposition. Notwithstanding, most of the time and expenses ordinarily incurred in such preparation, will be saved in a preparation for a future disposition, or in the preparation for the use of some other form of discovery; may such other form be eventually needed.

It must be borne in mind that were we to require the plaintiff to appear at the scheduled deposition and were he unable to so do, because of his alleged circumstances, his cause of action may find itself jeopardized by an eventual motion to dismiss for failure to appear to the notified deposition. Sullivan v. Southern Pacific Co. (D.C.N.Y.1947), 7 F.R. D. 206; Seuthe v. Renwal Products,

Inc., supra, at 325 of 38 F.R.D. Likewise, it must be borne in mind that before this Court may, under its discretion, order that defendant follow, because of the circumstances of this cause, a substitute for the intended taking of deposition, e. g., interrogatories it must be able to determine whether an adequate substitute is available and will not run contrary to defendant's best interest. At this point we are not in a position to appropriately pass upon plaintiff's motion and determine there are substantial reasons for sharply restricting defendant's rights. Seuthe v. Renwal Products, Inc., supra, at 324–325.

In view of the foregoing, the Court deems that the interest of justice is best served by vacating the involved notice of deposition and holding plaintiff's motion in abeyance.

Wherefore, the Court hereby

Orders that the notice of deposition of plaintiff, for October 30, 1973 at 9:30 a. m., filed by defendant herein, be and the same is hereby vacated; and it is further

Ordered that plaintiff, within the next thirty (30) days, file before this Court the necessary documentation to substantiate his assertions as to his hardship and financial conditions; and it is further

Ordered that the attorneys for the parties meet and explore the possibility of subjecting the plaintiff to some other form of discovery or altering the present conditions. See e. g. Forde v. Urania Transportation (D.C.N.Y.1958), 168 F.Supp. 240; Patrnogic v. United States Steel Corp., supra; and it is further

Ordered that the present cause be held in abeyance, with respect to plaintiff's prayer until it is fully and adequately presented before this Court.

It is so ordered.