### DOLLAR SYSTEMS, INC., etc., Plaintiff,

v.

### J. Michael TOMLIN, Defendant.

### Civ. A. No. 3:84–0039.

United States District Court,
M.D. Tennessee,
Nashville Division.

April 17, 1984.

---

Theodore F. Schwartz and Barry S. Ginsburg, Clayton, Mo. and Grant Smith, Nashville, Tenn., for plaintiff.

Samuel D. Lipshie and Charles W. McElroy, Nashville, Tenn., for defendant.

## MEMORANDA OPINIONS AND ORDERS

NEESE, Senior District Judge Sitting by Designation.

### I.

The defendant seeks a protective order, Rule 26(c), F.R.Civ.P., requiring the plaintiff (whose principal-place-of-business is in California) to take the depositions of three of its officers and agents in this District instead of in Los Angeles, California. Such motion lacks merit.

■ It is well-settled that the deposition of a corporation, through its officers and agents, should be taken ordinarily at its principal-place-of-business. *Dunn v. Standard Fire Ins. Co.*, 92 F.R.D. 31, 32 [1] (D.C.Tenn.1981), citing *Salter v. Upjohn Co.*, 593 F.2d 649, 651 [3] (5th Cir. 1979). But, according to another general rule, the plaintiff will not be heard to complain about having to appear in the forum-district for the taking of its deposition, since it selected that forum in the first instance. 8 Wright & Miller, Federal Practice and Procedure: Civil 405–406, § 2112.

■ This, however, is not a situation wherein the defendant seeks to depose the plaintiff; instead, the plaintiff proposes to depose itself and is merely giving the defendant an opportunity to appear and cross-examine if he so desires. Obviously, it would be considerably more expensive for the plaintiff to bring its three officers and agents to this District than for the defendant to send his counsel to the West Coast. *Cf. Thompson v. Sun Oil Company*, 523 F.2d 647, 650 [5, 6] (8th Cir.1975).

Furthermore, the defendant is not in much of a position to complain, since he agreed with the plaintiff that the exclusive forum for this action would be the Central District of California. The plaintiff's waiv-

er of this contractual provision should more than compensate the defendant for the expense of sending his lawyer to California for such depositions.

The equities, when balanced, favoring the plaintiff, the motion of the defendant in each of its alternatives, hereby is

DENIED.

### II.

■ The exception of the defendant to III(d) of the pretrial order herein of March 26, 1984 hereby is

ALLOWED * and such order will be amended accordingly.

---

* Ordinarily, a stipulation can be amended only upon the consent of both parties thereto. *Verville v. International Ass'n of Mach. & Aero. Wkrs.,* 520 F.2d 615, 622 [9] (6th Cir.1975).

Here, however, what appears to be involved is a typographical-error rather than an amendment of substance.