Elouise Pepion COBELL,
et al., Plaintiffs,

v.

Gale A. NORTON, Secretary of the
Interior, et al., Defendants.

No. CIV.A.96–1285 (RCL).

United States District Court,
District of Columbia.

March 5, 2003.

## MEMORANDUM AND ORDER

LAMBERTH, District Judge.

This matter comes before the Court on a series of motions filed by both parties concerning named class representative Earl Old Person. Defendants seek to compel Old Person to respond to their request for production of documents, and to appear to be deposed. Four of the named plaintiffs and class counsel seek to remove Old Person as a named class representative, to permit class counsel to withdraw from representing Old Person in any other capacity other than as class counsel for an absent member of the class, and to have this Court issue a protective order enjoining defendants from taking discovery from Old Person. Upon consideration of the parties' motions, the opposition and reply briefs filed thereto,[1] and the applicable law, the Court finds that plaintiffs' motion to remove Old Person as a class representative and to withdraw as counsel for Old Person should be granted, that plaintiffs' motion for a protective order should be denied, and that defendants' motion to compel should be granted.

## I. PROCEDURAL BACKGROUND

On February 4, 1997, this Court entered an order certifying this action as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. Having found that Elouise Pepion Cobell, Thomas Maulson, James Louis LaRose, Mildred Cleghorn, and Earl Old Person would "fairly and adequately protect the interests of the Class," the Court designated these five individual Indian trust beneficiaries as named representatives of the certified class. Order Certifying Class Action, Feb. 4, 1997, at 2. Pursuant to Rule 23(d) of the Federal Rules of Civil Procedure, general principles of equity, and the Court's inherent powers, the Court retained jurisdiction "to modify this Order as the interests of justice may require." *Id.* at 3.

On June 5, 2002, defendants issued a request for production of documents to plaintiffs. Plaintiffs filed a motion seeking a protective order staying defendants' discovery requests on July 5, 2002, and defendants moved to compel plaintiffs to respond to their request for production on July 16, 2002. On December 11, defendants served plaintiffs with a notice of deposition for Old Person, which scheduled the deposition for January 9, 2003. On December 23, 2002, this Court denied plaintiffs' motion for a protective order and granted defendants' motion to compel.

On January 8, 2003, plaintiffs filed four motions seeking (1) an order removing Old Person as named class representative in this case, (2) permission for counsel to withdraw from the representation of Old Person in any capacity other than as class counsel (3) an order staying Old Person's obligation to respond to defendants' request for production of documents, and (4) a protective order to prevent the deposition of Old Person.[2] On January 16, defendants filed briefs in opposition to each of plaintiffs' motions. On the same date, defendants moved to compel Old Person to respond to defendants' request for production and to appear for deposition. Plaintiffs filed a response to defendants' motions on January 29, and defendants submitted reply briefs in support of their motions on February 7.

## II. ANALYSIS

### A. Removal of Old Person and Withdrawal of Counsel

Rule 23(a)(4) of the Federal Rules of Civil Procedure provides that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all only if ... the representative parties will fairly and adequately protect the interests of the class." The D.C. Circuit has stated that

"[b]asic consideration of fairness require[s] that a court undertake a stringent and

---

**1.** Defendants have moved to strike plaintiffs' reply briefs as untimely filed. In an order issued March 3, 2003, the Court granted defendants' motion to strike plaintiffs' reply briefs.

**2.** The first two motions were actually filed by class counsel and the named plaintiffs (except for Old Person). In the interests of simplicity, however, the Court hereinafter will refer to the entity that filed each of the four motions as "plaintiffs."

continuing examination of the adequacy of representation by the named class representatives at all stages of the litigation where absent members will be bound by the court's judgment." At all stages of the litigation the lack of adequate representation "denies [absentee class members] due process of law and prevents the court from assuming personal jurisdiction over the absentee members."

*Nat'l Ass'n for Mental Health, Inc. v. Califano,* 717 F.2d 1451, 1457 (1983) (quoting *Nat'l Ass'n of Regional Medical Programs, Inc. v. Mathews,* 551 F.2d 340, 344–45, 346 (D.C.Cir. 1976)). Whether a representative party will fairly and adequately protect the interests of class members is a question of fact that depends on the individual circumstances of each case, and is committed to the sound discretion of the district court. *McGowan v. Faulkner Concrete Pipe Co.,* 659 F.2d 554, 559 (5th Cir.1981); *Susman v. Lincoln Am. Corp.,* 561 F.2d 86, 90 (7th Cir.1977); *Diduck v. Kaszycki & Sons Contractors, Inc.,* 149 F.R.D. 55, 59 (S.D.N.Y.1993). The leading treatise on class action litigation explains that

> Rule 23 has built-in safeguards to deal with potential and actual conflicts and situations where other problems of inadequate representation arise. Under Rule 23, the court may create subclasses, limit the class scope, or rely on the right of class members to exclude themselves in order to resolve conflicts. The court may invite interventions to bolster or substitute for class representation. It may alter, amend, or modify its class ruling at any time before a judgment on the merits.

ALBA CONTE & HERBERT NEWBERG, NEWBERG ON CLASS ACTIONS § 3.42 (4th ed.2002).

In this context, the Fifth Circuit has stated that "if after the class has been certified and its claims heard and the representatives are found to be inadequate for some reason during the course of the class claims or during a bifurcated hearing with respect to individual claims, the appropriate step is appointment of new representatives from the existing class, not decertification." *Carpenter v. Stephen F. Austin State Univ.,* 706 F.2d 608, 617–18 (5th Cir.1983) (citing *Satterwhite v.*

*City of Greenville,* 634 F.2d 231 (5th Cir. 1981) (per curiam)). Additionally, in a case involving a situation where the named plaintiff's claim ceased to be typical of the class, another district court explained that

> such cases as *United States Parole Comm'n v. Geraghty* and *Sosna v. Iowa* teach that once a class has been certified it acquires an existence separate and apart from the individual named plaintiff, so that the failure of his or her individual claim does not impair the class'[s] entitlement to relief. Hence Umar's inability to serve as an appropriate representative after certification of the Inmate Class does not require class decertification. *Sirota v. Solitron Devices, Inc.,* 673 F.2d 566, 572 (2d Cir. 1982) . . . has so held:
>
> > Although a district court may decertify a class if it appears that the requirements of Rule 23 are not in fact met, it need not decertify whenever it later appears that the named plaintiffs were not class members or were otherwise inappropriate class representatives. Rather, the Supreme Court has stated, "provided the initial certification was proper . . . the claims of the class members would not need to be mooted or destroyed because subsequent events or the proof at trial has undermined the named plaintiffs' individual claims."
>
> In the present circumstance the appropriate procedure is to substitute a new named plaintiff, not to decertify the class. Where the class relief at issue is injunctive and declaratory in nature, it would be wasteful and contrary to the interests of justice to require a new class (and perhaps new class counsel) to start again at ground zero.

*Umar v. Johnson,* 173 F.R.D. 494, 504 (N.D.Ill.1997) (internal citations omitted).

█ In the instant case, plaintiffs represent that "Earl Old Person is no longer able or willing to fulfill his duties as a named class representative in this case" and thus "class counsel can no longer represent him individually in this action and therefore seek to withdraw as counsel for him individually." Mot. of Elouise Pepion Cobell, Thomas Maulson, James Louise Larose, and Peggy Cleghorn to Remove Earl Old Person as a Named

Class Representative and Motion of Class Counsel to Withdraw from the Representation of Earl Old Person in Any Capacity Other Than as Class Counsel for a Member of the Certified Class ("Motion to Remove") at 2. Specifically, plaintiffs explain that "class counsel has attempted to contact Earl Old Person on numerous occasions with limited success, regarding his obligation to attend a deposition and produce documents. Class counsel has been unable to secure Mr. Old Person's cooperation and has been unable to communicate with him despite repeated attempts." Br. in Support of Motion to Remove at 2.[3] It has been noted that Old Person, who is approximately 73 years old, has recently suffered the loss of his wife. Defs.' Reply in Support of Motion to Compel at 8.

It has been observed that "by moving for class certification ..., the class representative has voluntarily taken on a court imposed, fiduciary responsibility." *Austin v. Pennsylvania Dep't of Corrections,* 876 F.Supp. 1437, 1457 (E.D.Pa.1995). Given the recent actions described above, the Court is unable to conclude that Old Person is satisfying his duty as class representative to adequately protect the interests of the class members. The question thus becomes what measures the Court should take in order to ensure the continued fair and adequate representation of the class members by the named class representatives.

The leading commentators on the federal courts have stated that "although a few courts since *Eisen* [*v. Carlisle & Jacquelin,* 391 F.2d 555 (2d Cir.1968)] have stated that a large number of representatives helps to ensure the protection of the absentees, most courts have firmly rejected the notion that numbers should be decisive and instead have attempted to assess the character of the representation." 7A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1766 (2d ed.1986) (citing cases) (footnote omitted). Given the fact that there

are four other class representatives whose adequacy has not been challenged, the Court sees no need to resort to radical measures. Therefore, the Court will amend its order certifying the present class action to remove Old Person as a named class representative. However, Old Person will not become an absent class member because this suit was commenced by the five named plaintiffs in a dual capacity, both "on their own behalf" and "on behalf of all persons similarly situated." *See* Pls.' Compl. ¶ 12. Therefore, although Old Person will cease to be a named class representative in this action, he will continue to be an individual plaintiff in this action.

■ The only remaining issue in this context is whether to grant class counsel's motion to withdraw from the representation of Old Person in any other capacity other than as class counsel for a member of the certified class. Rule 83.6(c) of the Civil Rules of the U.S. District Court for the District of Columbia provides:

> If a trial date has been set, or if the party's written consent is not obtained, or if the party is not represented by another attorney, an attorney may withdraw an appearance for a party only by order of the court upon motion by the attorney served upon all parties to the case. Unless the party is represented by another attorney or the motion is made in open court in the party's presence, a motion to withdraw an appearance shall be accompanied by a certificate of service listing the party's last known address and stating that the attorney has served upon the party a copy of the motion and a notice advising the party to obtain other counsel, or, if the party intends to conduct the case *pro se* or to object to the withdrawal, to so notify the Clerk in writing within five days of service of the motion.

Because plaintiffs' motion to withdraw states that class counsel has served upon Old Person a copy of the motion to withdraw, togeth-

---

**3.** *See also* Defs.' Reply in Support of (1) Motion for Expedited Consideration; and (2) Motion to Compel Plaintiff Earl Old Person to Comply with the Court's December 23, 2002 Production Order and to Appear and Testify at Deposition ("Defs.' Reply in Support of Motion to Compel") at 2 ("Plaintiffs' attorneys faxed a copy of this Court's

December 23, 2002 production order to Mr. Old Person, and they personally discussed that discovery and his noticed deposition with Mr. Old Person and his private attorney. Yet, Mr. Old Person still disobeyed the Court's order and the notice of deposition.") (internal citation omitted).

er with a notice advising Old Person to obtain other counsel and to notify the Clerk of Court within five days of any objections or declarations of pro se representation, the Court will grant plaintiffs' motion to withdraw.[4] Because no other attorney has entered an appearance on behalf of Old Person, the Court will presume that Old Person intends to proceed pro se in the present litigation, because he has not filed any objection to class counsel's motion to withdraw.

### B. Discovery Requests

■ Plaintiffs seek a protective order to prevent defendants from taking the deposition of Old Person and to stay the production of documents from Old Person in response to defendants' requests. In response, defendants have moved to compel Old Person to appear for a deposition and to respond to their requests for production. Plaintiffs' memorandum of points and authorities in support of their motion for a protective order preventing discovery to be taken upon Old Person (and defendants' arguments in response) mistakenly assumes that if Old Person were removed as a named class representative, he would continue in this action only as an absent class member. However, as explained above, although this Court has ordered Old Person to be removed as a named representative, he continues to be an individual plaintiff in the present action. Because plaintiffs have failed to demonstrate good cause as to why defendants should not be permitted to take discovery of an individual plaintiff, the Court sees no reason why discovery of Old Person should not proceed. Accordingly, the Court will deny plaintiffs' motion for a protective order.

■ Plaintiffs have also "point[ed] to Mr. Old Person's 'age and the burdens of travel' in asking that discovery take place on the reservation." Defs.' Reply in Support of Motion to Compel at 6. The Court acknowledges that Old Person is approximately 73 years of age and that travel to Washington, D.C. from his home in Montana may prove burdensome.

However, plaintiffs have failed to submit an affidavit from Old Person providing specific reasons why it would constitute an undue hardship for him to appear for a deposition in Washington, D.C. Without such a showing, the Court cannot accede to plaintiffs' request that Old Person be deposed in a district different from the one in which plaintiffs have filed suit. *See Dollar Sys., Inc. v. Tomlin,* 102 F.R.D. 93, 94 (M.D.Tenn.1984) ("[A]ccording to another general rule, the plaintiff will not be heard to complain about having to appear in the forum-district for the taking of its deposition, since it selected that forum in the first instance."); *Dalmady v. Price Waterhouse & Co.,* 62 F.R.D. 157, 158, (D.Puerto Rico 1973) (acknowledging that while "[s]pecial circumstances may be present, such as hardship or financial burden to a plaintiff, which may outweigh any prejudice to the defendant and require the general rule to yield to the exigencies of the particular case," nevertheless "[i]t is not sufficient that plaintiff's attorneys make naked assertions with respect to the financial and hardship conditions faced by him. Well prepared and complete affidavits on his part are necessary to corroborate and give substance to his attorneys' assertions."); *Grotrian, Helfferich, Schulz, Th. Steinweg Nachf. v. Steinway & Sons,* 54 F.R.D. 280, 281 (S.D.N.Y.1971) ("There is no first-hand evidence that the witness Steinweg is in fact in such poor health that he cannot appear in New York by jet plane quickly and with a modicum of comfort. Steinweg has not submitted any affidavits either of his doctor or himself specifying the nature of his illness or infirmity. The mere fact that Steinweg is 72 years of age is not sufficient to prove 'hardship' within the meaning of the Rule."). Of course, if Old Person is physically or financially unable to travel to Washington, D.C., the Court will certainly afford due weight to an affidavit filed by Old Person or a physician explaining with specificity why travel to Washington would constitute an undue physical or financial hardship. However, as the record pres-

---

4. However, because plaintiffs did not list Old Person's last known address in their motion to withdraw, Old Person might be able to mount an objection to plaintiffs' motion if, in fact, he did not receive the notice from plaintiffs. But the Court will presume that the mailing address listed on the docket of the Court for Old Person— P.O. Box 486, Browning, Montana 59486—is, in fact, the address to which plaintiffs sent the notice.

ently stands, the Court is unable to reach such a conclusion.

## III. CONCLUSION

Although the Court has removed Old Person as a named class representative in this case, he continues to be an individual plaintiff asserting his own claims. Therefore, because Old Person is an individual plaintiff, it is appropriate that he should be subject to reasonable discovery requests. Accordingly, it is hereby

ORDERED that the motion of Elouise Pepion Cobell, Thomas Maulson, James Louis Larose, and Penny Cleghorn to remove Earl Old Person as a named class representative [1718–1] be, and hereby is, GRANTED. It is further

ORDERED that the motion of class counsel to withdraw from the representation of Earl Old Person in any capacity other than as class counsel for a member of the certified class [1718–2] be, and hereby is, GRANTED. It is further

ORDERED that plaintiffs' consolidated motions to modify or, in the alternative, to stay the production order of December 23, 2002 as it pertains solely to named plaintiff Earl Old Person [1719–1, 1719–2] be, and hereby are, DENIED. It is further

ORDERED that plaintiffs' motion for a protective order to prevent the deposition of Earl Old Person [1719–3] be, and hereby is, DENIED. It is further

ORDERED that defendants' unopposed motion for expedited consideration [1730–1] be, and hereby is, GRANTED. It is further

ORDERED that defendants' motion to compel plaintiff Earl Old Person to comply with the Court's December 23, 2002 production order and to appear and testify at deposition [1730–2] be, and hereby is, GRANTED. It is further

ORDERED that the Clerk of Court shall mail a copy of the instant memorandum and order to Earl Old Person at P.O. Box 486, Browning, Montana 59486. It is further

ORDERED that Earl Old Person shall henceforth proceed pro se in connection with his individual claims as a plaintiff in this action.

SO ORDERED.