*Li v. Norwich Univ.*, No. 577-10-18 Wncv (Tomasi, J., Sept. 12, 2019).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Washington Unit | CIVIL DIVISION<br>Docket No. 577-10-18 Wncv |

| | |
|---|---|
| Xingbo Li,<br>        Plaintiff<br><br>v.<br><br>Norwich University,<br>        Defendant | |

### Opinion and Order on Plaintiff's "Motion to Appear Remotely"

Plaintiff has filed a motion to allow him to appear remotely at his deposition and the mediation in this case. He cites the fact that he is in China, and it would be a hardship to attend those events in Vermont. Defendant argues that Plaintiff chose the forum and that his deposition will involve a large number of documents, which would be difficult to handle remotely. Further, it argues that it has a need to assess Plaintiff's demeanor. The Court makes the following determinations.

Though not styled as a motion for a protective order, the Court agrees with Defendant that Vt. R. Civ. P. 26(c) provides the proper lens through which to assess the request. In general, the person noticing the deposition selects the location, and a plaintiff who avails herself of a jurisdiction should be subject to deposition in that location. 8A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, *Federal Practice and Procedure* § 2112 (3d ed.); *Dalmady v. Price Waterhouse & Co.*, 62 F.R.D. 157, 158–59 (D.P.R. 1973). The rule is not inflexible, however. Alternative arrangements may be made when the plaintiff establishes that travel to the forum state for the deposition would present a serious hardship, such as in the case of physical infirmities. *See Hyam v. Am. Export Lines, Inc.*, 213 F.3d 221, 222–23 (2d Cir. 1954). A showing of good cause for a protective order changing the location of a deposition requires the plaintiff to present specific, rather than generalized, information about the nature of her hardship. *See* Vt. R. Civ. P. 26(c); *Cobell v. Norton*, 213 F.R.D. 43, 47 (D.D.C. 2003); *Dalmady*, 62 F.R.D. at 159.

In this case, Plaintiff has made no such showing. First, his request is not supported by an affidavit providing proof of any proffered "undue burden" under Rule 26(c). Second, other than being in China, the Court cannot determine the level of hardship involved. Third, to the extent the health of Plaintiff's parents is a concern, the Court cannot assess whether other family members may be able to provide coverage for Plaintiff in his absence. Fourth, the Court cannot assess

whether some midpoint location for the deposition and mediation might be a possible remedy if Plaintiff were to establish good cause for a protective order.

In sum, Plaintiff's present motion comes up short of the type of proof needed to obtain a protective order. The Court's ruling is without prejudice, however. Plaintiff may renew the motion with appropriate evidence. The Court also encourages counsel to confer to determine whether other solutions may exist to issues raised by Plaintiff.

Plaintiff's motion is denied without prejudice.

Electronically signed on September 11, 2019 at 04:10 PM pursuant to

V.R.E.F. 7(d).


_____

Timothy B. Tomasi
Superior Court Judge