VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org

CIVIL DIVISION

Case No. 247-7-20 Wncv



| Hayek Medical Devices (North vs. State of Vermont |
| --- |

## Opinion and Order Hayek's Motion for a Rule26(c) Protective Order

The State is seeking to depose Mr. Daniel Quigley in-person in Vermont. Hayek has filed a Rule 26(c) motion for a protective order requiring that the deposition be conducted remotely so that Mr. Quigley need not travel from his state of residence, South Carolina; or that the parties be ordered to conduct an in-person deposition in South Carolina rather than Vermont. Hayek argues that forcing Mr. Quigley to travel to Vermont for a deposition imposes an undue burden that the Court should ameliorate with the requested order.

As relevant to Hayek's motion, Vt. R. Civ. P. 26(c) gives the Court authority in the discovery context to "make any order which justice requires to protect a party or person from . . . undue burden" for good cause shown when justice so requires. "This puts the burden on the party seeking relief to show some plainly adequate reason therefore. The courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements, in order to establish good cause." 8A Richard L. Marcus, *et al., Fed. Prac. & Proc. Civ.* § 2035 (3d ed.).

In general, the examining party selects the location of the deposition, and a plaintiff who avails herself of a jurisdiction should be subject to deposition in that

Order
247-7-20 Wncv Hayek Medical Devices (North vs. State of Vermont

Page **1** of **5**

location.[1]  *Id.* § 2112; *Dalmady v. Price Waterhouse & Co.*, 62 F.R.D. 157, 158–59 (D.P.R. 1973).  The rule is not inflexible, however.  Alternative arrangements may be made when the plaintiff establishes that travel to the forum state for the deposition would present a serious hardship, such as in the case of physical infirmities.  *See Hyam v. Am. Export Lines, Inc.*, 213 F.3d 221, 222–23 (2d Cir. 1954); *see also* Vt. R. Civ. P. 30(b)(7) (The Court may order a deposition to be conducted by "remote electronic means.").

The purported undue burden prompting Hayek's motion is described summarily by Mr. Quigley as follows:

> 3.　　I have received the State of Vermont's Notice of Deposition, dated February 23, 2024, which directs me to appear in person for a deposition in Montpelier, Vermont on [date when Vermont deposition first was noticed].
>
> 4.　　I live in Myrtle Beach, South Carolina, where I expected to be on [deposition day].
>
> 5.　　In addition, I have two children and am a primary caregiver during the hours in which I am not working.

Declaration of Daniel Quigley (filed Feb. 28, 2024).  In other words, on this record, travel to Vermont is inconvenient because he was not otherwise planning to be here.  That amounts to an assertion of mere inconvenience alone.

The thrust of Hayek's argument is that requiring Mr. Quigley to travel to Vermont would impose at least some inconvenience, and a remote, electronic deposition could

---

[1] Mr. Quigley's status as employee or independent contractor is unclear in the record, but the subject of lengthy analysis in the State's opposition filing.  Hayek originally characterized him as an employee.  When it filed the motion under consideration, it characterized him as an independent contractor.  In his declaration, Mr. Quigley describes himself as a "senior management consultant" without further explanation.  In briefing, counsel for the State represents that counsel for Hayek more recently has explained that Mr. Quigley believes that he is an employee, but he is paid by Hayek as though he is a contractor.  The Court declines to resolve the matter at this time.  Hayek asserts that its arguments apply even if Mr. Quigley is an employee or managing agent.

Order
247-7-20 Wncv Hayek Medical Devices (North vs. State of Vermont

Page **2** of **5**

easily be done instead. Further, according to Hayek, the State has not offered any compelling reason why the deposition must be done in-person. Hayek's contention is not consistent with the burden of proof noted above.

Mr. Quigley clearly is a central figure in the underlying dispute. While the Court agrees that the State has not compellingly shown good cause as to why the deposition should occur in-person, the burden is on Hayek to show good cause as to why it should occur remotely or in South Carolina. In that regard, the asserted reason, ordinary inconvenience, asserted in a conclusory manner at best, is manifestly insufficient.

No doubt some Courts became more liberal about ordering remote depositions during the Covid pandemic, especially when palpable medical concerns were present. Jay E. Grenig, *Electronic Discovery and Records and Information Management Guide* § 12:3. "Other courts have rejected requests for remote depositions." *Id.* In-person depositions, particularly of important or controversial witnesses, still can be "crucial to assessing a witness's potential presentation at trial, veracity, and credibility." *Id.*

Even if there is a "growing acceptance of using videoconference technology . . . as a means of conducting discovery and trials or, possibly, a 'new normal,' it does not, standing alone, give the Court a basis to compel a litigant to take a remote deposition when that litigant has reasonably elected otherwise. There must be grounds for doing so presented by the party making the request because an 'in[-]person deposition is generally superior.'" *In re Deepwater Horizon Belo*, No. 3:19-CV-1535, 2021 WL 6882434, at *3 (N.D. Fla. July 12, 2021).

In this case, there is insufficient cause to order a remote deposition or force the deposing party to travel outside the forum for an in-person deposition in South Carolina.

There is no health, expense, or other reason asserted that prevents Mr. Quigley from traveling to Vermont. Nor is there any indication or allegation that the State's demand for an in-person Vermont deposition is in bad faith or being used as a tactical weapon. The stated inconvenience to Mr. Quigley is simply not enough. The Court cannot conclude from the present record that the burden on him from travelling to Vermont for a brief period is "undue." Vt. R. Civ. P. 26(c). *Accord Tsien v. Bd. of Regents of Univ. Sys. of Georgia*, No. CV 121-008, 2021 WL 6617307, at *1 (S.D. Ga. Nov. 12, 2021), *aff'd*, No. CV 121-008, 2021 WL 6617308 (S.D. Ga. Dec. 20, 2021) ("[m]ere inconvenience is insufficient," and denying protective order that would protect a party from having to travel from China to U.S. for in-person deposition); *Li v. Norwich University*, No. 577-10-18 Wncv, 2019 WL 13172495 (Vt. Super. Ct. Sept. 11, 2019) (denying as insufficient request for order requiring remote rather than in-person Vermont deposition of plaintiff living in China with parents in poor health). The Court does expect that the State will work with Hayek and Mr. Quigley to arrange a reasonably convenient date and time for the deposition.

The Court notes, finally, that the State's parades of horrors associated with remote depositions and "layers of administrative approvals" needed for out-of-state travel are largely overstated. Remote depositions have been done effectively for decades, and the advent of post-Covid technology has only improved the process. The Court has often conducted entire trials and evidentiary hearings via remote participation. Similarly, the Court has seen numerous cases where a government attorney has travelled out of state for case-related activities. Nonetheless, the party noticing the deposition has some primacy, especially where it is asking for the deposition to be held in the forum selected

by Plaintiff; and the Court agrees that in-person depositions continue to have some advantages over remote proceedings and that requiring the State to travel to South Carolina would saddle it with additional expenses.  In the end, Hayek has not carried its burden of establishing a basis for the Court to overrule the State's preference regarding the type and location of Mr. Quigley's deposition.

Conclusion

For the foregoing reasons, Hayek's motion for a protective order is denied.  The parties shall confer and schedule Mr. Quigley's deposition consistent with the terms of this Order.

Electronically signed on Thursday, April 18, 2024, per V.R.E.F. 9(d).

Timothy B. Tomasi
Superior Court Judge

Vermont Superior Court
Filed 04/22/24
Washington Unit