**HYAM**

v.

**AMERICAN EXPORT LINES, Inc.**

No. 236, Docket 23027.

United States Court of Appeals,
Second Circuit.

Argued April 12, 1954.

Decided May 6, 1954.

Bigham, Englar, Jones & Houston,
New York City (Henry N. Longley and
James H. Simonson, New York City, of
counsel), for libellant-appellant.

Haight, Deming, Gardner, Poor & Havens, New York City (Kenneth Gardner, M. E. DeOrchis and John J. Mulcahy, Jr., New York, of counsel), for respondent-appellee.

Before CLARK, HINCKS and HARLAN, Circuit Judges.

HARLAN, Circuit Judge.

Libellant-appellant appeals from a final decree of the District Court (Judge Thos. F. Murphy), dated January 26, 1954, dismissing on the merits [F.R.C.P. 41 (b), 28 U.S.C.A.] a libel in admiralty because of libellant's failure to appear for pre-trial examination as directed by an order of the District Court (Judge John W. Clancy), made on April 27, 1953.

On June 15, 1950, libellant-appellant, Jacob Hyam, d/b/a Jacob Hyam & Co., filed in the Southern District of New York a libel in admiralty against respondent-appellee, American Export Lines, Inc., to recover damages of $7000 alleged to have been suffered by 229 skids of tinplate, purchased by Hyam from Philadelphia Tinplate Company, while in shipment from Philadelphia to Bombay, India, on American Export's S. S. "Exemplar." American Export filed its answer to the libel on January 8, 1951. Hyam resides and has his office in Bombay. American Export, a New York corporation, has its head office in New York, and also an office in Bombay where it is prepared to accept service of process in legal actions instituted against it in the courts of Bombay.

On December 12, 1952, almost two years after issue had been joined, American Export served a notice under Admiralty Rule 32 of the District Court to take the deposition of Hyam on January 30, 1953, in New York. On January 13, 1953, Hyam moved under Rule 32 and F.R.C.P. 30(b) for an order directing that Hyam's deposition "may be taken only on written interrogatories" (this being the language of F.R.C.P. 30(b)), "and for such other and further order or relief as may be just and proper in the premises."

On the argument of the matter before Judge Clancy, American Export objected to the procedure of written interrogatories and countered with the suggestion that the deposition be taken orally in Bombay, "upon an open commission or by local solicitors appointed by each side," the cost thereof to both sides to be borne by Hyam. Libellant refused to accept this proposal and stood on its motion that the deposition be taken by written interrogatories. In this state of affairs, Judge Clancy denied Hyam's motion and ordered Hyam to appear for examination in New York. Hyam did not appear on the appointed day, and there ensued American Export's motion to dismiss the complaint for failure of Hyam to comply with Judge Clancy's order, which was granted by Judge Murphy on January 26, 1954.

The parties have explicitly accepted the validity of Admiralty Rule 32 which makes applicable to admiralty proceedings in the Southern District the deposition procedure of the Federal Rules of Civil Procedure in all respects material here. And Rule 30(b), F.R.C. P., provides, among other things, that upon appropriate application by a party the Court may order that a noticed deposition "be taken only at some designated place other than that stated in the notice, or that it may be taken only on written interrogatories * * * or the court may make any other order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression." Thus not in every case is a party seeking pre-trial discovery entitled as of right to a deposition on oral examination at the situs of the forum. His preference therefor, if opposed under Rule 30(b), must be weighed both against his actual, as distinguished from his supposed, need for oral examination at the forum and against the resulting burden to his opponent. Where these

considerations are in serious conflict, the judge after weighing the impact of his ruling on the parties may order the deposition to be taken, if not at the forum, at an appropriate distant place under terms whereby the reasonable expense thereof may ultimately be reflected in the taxable costs, or may order that the depositions be taken, at least in the first instance, only on written interrogatories.

In the situation here, we incline to think that to require an oral deposition of the libellant, a resident of Bombay, to be taken in New York would be so unusually and seriously burdensome to him as to preclude a denial of his motion under Rule 30(b) without a more substantial showing by the respondent than appears either of record or than that advanced by his counsel in the argument on the appeal.

■ However that may be, Judge Clancy's brief memorandum denying his motion fails to show affirmatively that his exercise of discretion proceeded upon an evaluation of the conflicting factors mentioned above. Instead, it suggests, erroneously as we think, that the respondent was entitled as of right to bring the libellant on to New York for oral pre-trial examination. It suggests further that the Judge adopted the respondent's contention that because the libellant, instead of presenting his claim to a tribunal in Bombay where, it was said, most of the witnesses are located, brought his action to a federal court in New York, he is not entitled to invoke the protection afforded by Rule 30(b). In this, too, there was error. The federal courts are open to foreign suitors as to others, and procedural rules are not to be construed in such fashion as to impose conditions on litigants which in their practical effect amount to a denial of jurisdiction. See Washington-Southern Navigation Co. v. Baltimore & Philadelphia Steamboat Co., 1924, 263 U.S. 629, 44 S.Ct. 220, 68 L.Ed. 480.

Reversed and remanded.