St. Clair Oscar **FORDE**, Plaintiff,

v.

**URANIA TRANSPORTATION, Inc.,** Defendant.

United States District Court
S. D. New York.
Nov. 18, 1958.

Shafter & Shafter, New York City, for plaintiff.

Hanrahan & Costello, New York City, for defendant.

IRVING R. KAUFMAN, District Judge.

The motions are denied. Plaintiff's second cause of action under the Jones Act, 46 U.S.C.A. § 688, is enough to confer jurisdiction in this court by reason of the allegation that the stock of defendant, a Liberian corporation, which owns the M/V Urania, is substantially or entirely owned or controlled by American citizens. See paragraph "Twelfth" of the complaint. Furthermore, in the light of jurisdiction over the second cause of action, this court will take jurisdiction over the first and third causes of action in the exercise of its discretion. A full discussion of the law on the jurisdictional issues is not necessary here, in view of my opinion in Bobolakis v. Compania Panamena Maritima San Gerassimo, S. A. and Transmar Agencies, Inc., D.C. S.D.N.Y., 168 F.Supp. 236, fully discuss-

ing the issues and the law which are equally applicable here.

Defendant's second motion seeks an order compelling plaintiff to appear for examination in person and upon failure to do so, an order dismissing the complaint. In the light of the facts here such an order would be too drastic. Plaintiff resides and is presently in Barbados. He lacks the finances to journey to New York solely for the oral deposition. Defendant should proceed by written interrogatories and, in addition, if oral examination is necessary, the plaintiff can be made available for such examination one week before the commencement of the trial. See Hyam v. American Export Lines, Inc., 2 Cir., 1954, 213 F.2d 221.

Motions denied. Settle order.