564 P.2d 906

John E. ROGERS, Petitioner,

v.

The Hon. Norman S. FENTON, Judge of the Superior Court, the Hon. Lawrence K. Bret Harte, Court Commissioner, and Shirley ROGERS, Real Party in Interest, Respondents.

No. 2 CA–CIV 2411.

Court of Appeals of Arizona, Division 2.

Jan. 26, 1977.

Rehearing Denied March 30, 1977.

Review Denied April 19, 1977.

Robertson, Molloy, Fickett & Jones, P. C., by Gary F. Howard, Tucson, for petitioner.

Michael J. Vingelli, Tucson, for respondent, Real Party in Interest.

HATHAWAY, Judge.

Petitioner is the respondent in a pending superior court action for dissolution of marriage. He was served with a copy of the summons and petition for dissolution on September 30, 1976, at his residence in Comanche County, Texas. The petition sought dissolution of the marriage, division of the community property and debts, custody of the parties' minor children, and child support.

Petitioner subsequently moved to quash the service of process and to dismiss the complaint for lack of jurisdiction, which motions were denied. The basis for petitioner's motion was that he was a resident of Texas and therefore the Arizona courts lacked jurisdiction to enter an in personam judgment against him. Petitioner was served with a notice of taking his deposition in Tucson, Arizona, and promptly filed a motion for a protective order. In support

of his motion, petitioner pointed out to the court that he was not a resident of the State of Arizona but rather a resident of the State of Texas, that throughout the course of the proceedings he had challenged the court's jurisdiction over his person, and that it would be grossly unfair to force him to appear in Arizona for deposition. The court, however, denied his motion and petitioner now seeks relief in this court.[1] Although appellate intervention by way of extraordinary relief is rarely exercised in discovery matters, *Jolly v. Superior Court of Pinal County,* 112 Ariz. 186, 540 P.2d 658 (1975), we believe the circumstances of this case warrant the exercise of our discretion. We therefore assume jurisdiction.

■ Generally, the trial court is vested with wide discretion in matters of discovery and its decision will not be disturbed except where there is an abuse of discretion. *Jackson v. American Credit Bureau, Inc.,* 23 Ariz.App. 199, 531 P.2d 932 (1975); *Parsons v. Smithey,* 109 Ariz. 49, 504 P.2d 1272 (1973). We believe that such discretion was abused here.

■ A party is not entitled as a matter of right to depose another party on oral examination at the situs of the forum. *Hyam v. American Export Lines, Inc.,* 213 F.2d 221 (2nd Cir. 1954). As pointed out in *Hyam,* where a party prefers an oral examination at the forum, his preference, if opposed, must be weighed both against his actual (as distinguished from his supposed) need for oral examination at the forum and against the resulting burden to his opponent. Where these considerations conflict, the court may order that depositions be taken at an appropriate distant place or on written interrogatories. It has been held that although a plaintiff can designate any place for the taking of a deposition, it is presumed that the defendant will be examined at his residence or place of business or employment; and if another place is named

and the defendant files a timely objection, it should be sustained absent some unusual circumstances to justify putting the defendant to such inconvenience. *Grey v. Continental Marketing Associates, Inc.,* 315 F.Supp. 826 (N.D.Ga.1970); *Perry v. Edwards,* 16 F.R.D. 131 (W.D.Mo.1954). Although some cases have required the defendant to appear at the place of trial for deposition, see e. g., *Terry v. Modern Woodmen of America,* 57 F.R.D. 141 (W.D.Mo. 1972); *Baker v. Standard Industries, Inc.,* 55 F.R.D. 178 (D. Puerto Rico 1972), those cases involved corporate employees or officers and are therefore distinguishable.

■ No showing of unusual circumstances to justify putting petitioner to the inconvenience of coming to Arizona for his deposition was made by his wife. We hold, therefore, as in *Grey v. Continental Marketing Associates, Inc.,* supra, that petitioner's timely objection should have been sustained. See also, *Kaufman v. Kaufman,* 63 So.2d 196 (Fla.1953).

The order of the respondent court denying petitioner's motion for protective order is hereby vacated with directions to enter an appropriate order consistent with this opinion.

HOWARD, C. J., and RICHMOND, J., concur.

---

■

---

1. In addition to denying petitioner's motion, the court ordered him to pay $850 per month for temporary spousal maintenance and child support, $1,000 for temporary attorneys' fees and court costs, and enjoined him, pendente lite, from selling, encumbering or otherwise disposing of any of the community assets of the parties except his necessary monthly living expenses.