**DRESSER INDUSTRIES, INC.,**
**Appellant,**

v.

**Honorable Peter S. SOLITO, Appellee.**

**No. B14–83–818CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 5, 1984.

Joe W. Redden, Jr., Richard C. Beu, Houston, for appellant.

Stan Pfeiffer, Peter S. Solito, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

## ORIGINAL PROCEEDING

## WRIT OF MANDAMUS

PAUL PRESSLER, Justice.

Relator brings this original mandamus proceeding to compel the Honorable Peter S. Solito, Judge of the 164th District Court, to rescind and revise his discovery orders of November 9 and November 29, 1983. Judge Solito ordered Relator to produce seven overseas witnesses for deposition in Houston at Relator's expense. The writ is conditionally granted.

This action arises out of a suit filed by Charles Williamson against Relator, his former employer. Williamson alleged that he had been falsely imprisoned and defamed by agents of Relator, that Relator had converted certain household goods of plaintiff, and that it had breached its contract by failing to reimburse him for certain expense account items.

On October 12, 1983, plaintiff served Relator with Notice of Intention to Take Oral Depositions of sixteen individuals. Seven of these were for employees of foreign subsidiaries of Relator or of joint ventures between Relator and others. All individuals lived and worked overseas in Malta, Egypt, England, Italy, Dubai, or Saudi Arabia. As of this date, two of these seven individuals have been deposed in Houston while here for other reasons.

On October 19, Relator filed a motion with the trial court asking that the depositions be quashed. The court denied Relator's motion and ordered Relator to produce the witnesses for deposition at its sole expense and ordered counsel to schedule the depositions at a mutually agreeable time. On November 14, the trial court heard Relator's second Motion for Protection. In the motion, Relator suggested the following alternatives:

(a) that the depositions be taken by written questions; or

(b) that the depositions be taken by telephone at Relator's expense; or

(c) that Relator produce the witnesses for deposition in London, England with each party to bear its own attorneys' expenses (transportation, lodging, food, etc.); or

(d) that Plaintiff pay some or all of the expenses involved in bringing the witnesses to Houston.

The court denied the motion, but ruled that Relator was not required to produce the witnesses for depositions until January. Thereupon, Relators initiated this proceeding alleging that Judge Solito abused his

discretion because such orders were contrary to the provisions of TEX.R.CIV.P. 201 and 186b and seeking to require the witnesses to be deposed by one of the suggested alternative methods.

In compelling an appearance for depositions, Rule 201(5) provides, in part:

5. TIME AND PLACE:

> The *time and place designated shall be reasonable.* The place of taking a deposition shall be in the county of the witness' residence or, where he is employed or regularly transacts business in person or *at such other convenient place as may be directed by the court in which the suit is pending;* provided, however, the deposition of a party or the person or persons designated under Paragraph 4 above may be taken in the county of suit subject to the provisions of Rule 186b. (Emphasis added.)

Relator claims that even if the witnesses were designated as "parties" or "persons" as set out in Rule 201(4) (i.e. a public or private corporation, a partnership, association, or governmental entity), Rule 201(5) expressly provides that their depositions may be taken in the county of suit, subject to the provisions of Rule 186b. Rule 186b provides, in part:

> After notice is served for taking a deposition on written questions or by oral examination, upon motion seasonably made by any party or by the person to be examined and upon notice and for good cause shown, the court in which the action is pending ... may make an order that the deposition ... may be taken ... at some designated place other than that stated in the notice or subpoena, or that it may be taken only on written questions ... or the court *may make any other order which justice requires to protect the party or witness from undue annoyance, embarrassment, oppression or expense.* (Emphasis added.)

Relator claims that Houston is not a "convenient place" for such depositions, as set out in Rule 201(5), and, pursuant to Rule 186b, the orders are unduly oppressive and expensive for both Relator and the witnesses.

■ It is well settled that a writ of mandamus may issue to correct a clear abuse of discretion. *See West v. Solito,* 563 S.W.2d 240 (Tex.1978); *Maresca v. Marks,* 362 S.W.2d 299 (Tex.1962); *Crane v. Tunks,* 160 Tex. 182, 328 S.W.2d 434 (1959). In cases such as the one before us involving international parties and witness, the potential for abuse in the discovery process is very great. The trial judge must be especially sensitive to the (1) actual need for the requested depositions and (2) alternative means of taking the depositions. In our case, Williamson himself has filed with this court a copy of a 200 hundred page deposition of A.G. Belpassi. Belpassi, an employee of Dresser Europe, S.A., works in London. While in Houston on business his deposition was taken. We have read the deposition and gleaned very little, if any, information relevant to the controversy. If this deposition is any indication of the information Williamson hopes to elicit from the other foreign witnesses he seeks to depose, we seriously question the need for the depositions.

We agree with the reasoning expressed in *Hyam v. American Export Lines, Inc.,* 213 F.2d 221 (2nd Cir.1954):

> Thus not in every case is a party seeking pre-trial discovery entitled as of right to a deposition on oral examination at the situs of the forum. His preference therefore, if opposed under Rule 30(b), must be weighed both against his actual, as distinguished from his supposed, need for oral examination at the forum and against the resulting burden to his opponent. Where these considerations are in serious conflict, the judge after weighing the impact of his ruling on the parties may order the deposition to be taken, if not at the forum, at an appropriate distant place under terms whereby the reasonable expense thereof may ultimately be reflected in the taxable costs, or may order that the depositions be taken, at least in the first instance, only on written interrogatories.

*Id.* at 222. As stated above, numerous alternatives to the "all or nothing approach" taken by Williamson were before

the court. While we are reluctant to interfere with the broad discretion trial judges must have to operate their courts properly, we believe the facts of this case necessitate our determining that there was a clear abuse of discretion.

The writ of mandamus is conditionally granted.