**Yvonne DePETRO, Plaintiff,**

v.

**EXXON INCORPORATED d/b/a Eastern Bypass Exxon Service Station and Ray Willis, Defendants.**

Civ. A. No. 87–T–767–N.

United States District Court,
M.D. Alabama, N.D.

Jan. 6, 1988.

Jimmy B. Pool, Montgomery, Ala., for plaintiff.

John M. Milling, Jr., Hill, Hill, Carter, Franco, Cole & Black, Montgomery, Ala., for defendants.

### ORDER

MYRON H. THOMPSON, District Judge.

This cause is now before the court on plaintiff Yvonne DePetro's motion for a protective order. A telephone conference call was held on the motion on December 30, 1987. For the reasons that follow, a protective order is due to be entered in this case.

DePetro, who currently resides in California, has filed this Title VII employment discrimination suit in this the United States District Court for the Middle District of Alabama. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e– through 2000e–17. Previously,

defendants Exxon Incorporated and Ray Willis filed a motion to compel DePetro to come to Alabama for the taking of her deposition. In an order of December 23, 1987, the court denied this motion on the ground that it would be unreasonable and unduly burdensome to compel DePetro to come to Montgomery, because she only had funds to make the trip to Alabama for trial and lacked the financial resources to make an additional trip here for the taking of her oral deposition and because defendants could achieve effective pre-trial discovery by taking DePetro's deposition by telephone or through written interrogatories. Subsequent to this order, defendants notified counsel for DePetro that they would take her deposition in California on January 5, 1988. DePetro then filed this motion for a protective order prohibiting the taking of her deposition in California on the ground that, just as she does not have the funds to come to Montgomery, she does not have the funds to fly her attorney to California.

While generally a party may obtain discovery by a deposition upon oral examination, the court is obligated to limit discovery when it determines that

the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive ... or ... the discovery is unduly burdensome and expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation.

Fed.R.Civ.P. 26(b)(1). Moreover, a court "may make any order which justice requires to protect a person from ... undue burden or expense," including an order that "discovery not be had" or an order "that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery." Fed.R. Civ.P. 26(c).

The above rule "emphasizes the complete control that the court has over the discovery process," Wright & Miller, Federal Practice and Procedure: Civil § 2036

(1970); district courts have broad discretion to control discovery. *See Borden, Inc. v. Florida East Coast Railway Company*, 772 F.2d 750, 756 (11th Cir.1985); *Harden v. Adams*, 760 F.2d 1158, 1167 (11th Cir.), *cert. denied*, 474 U.S. 1007, 106 S.Ct. 530, 88 L.Ed.2d 462 (1985); *National Independent Theatre Exhibitors, Inc. v. Buena Vista Distribution Company*, 748 F.2d 602, 609 (11th Cir.1984), *cert. denied*, 474 U.S. 1013, 106 S.Ct. 544, 88 L.Ed.2d 473 (1985). "[A] court may be as inventive as the necessities of a particular case require in order to achieve the benign purposes of the rule." Wright & Miller, Federal Practice and Procedure: Civil § 2036 (1970).

Then–Judge Harlan has indicated that if an oral deposition would be too expensive or too inconvenient for a party then the court in its discretion may order that written questions be used. *Hyam v. American Export Lines*, 213 F.2d 221, 223 (2d Cir. 1954); *see also* Wright & Miller, Federal Practice and Procedure: Civil § 2039 (1970). In light of the more recent availability of telephone depositions, it is also within a court's discretion to order that a defendant choose between taking plaintiff's deposition by telephone or in person at the defendant's expense in the district sued. *See* Fed.R.Civ.P. 30(b)(7); *Duran v. M.R.R. Land Equity, Inc.*, 112 F.R.D. 648 (M.D. Fla.1986). When justice requires it is also appropriate for a court to allow a defendant to depose a nonresident plaintiff in her place of residence but to require that the defendant pay the expenses of the plaintiff's lawyer to attend the deposition. Wright & Miller, Federal Practice and Procedure: Civil § 2112 (1970); J. Moore, J. Lucas & G. Grotheer, Moore's Federal Practice, ¶¶ 26.71 & 26.77 (1987).

DePetro lacks the financial resources to transport her lawyer to California to participate in the taking of her deposition. It is the opinion of the court that the discovery sought by the defendants—taking DePetro's oral deposition in California and thus forcing her to fly her lawyer to California —is unreasonable in light of DePetro's very limited resources. It is especially unreasonable and unduly expensive in light of the fact that the advantages of it over a

telephone deposition in a relatively straightforward case like the one at bar are slight at best. *See Duran,* 112 F.R.D. at 648; *Jahr v. IU International Corporation,* 109 F.R.D. 429, 434 (M.D.N.C.1986). The court is further justified in taking action to protect DePetro in light of the fact that she will be available for a face-to-face deposition in Montgomery two weeks before trial.* *See Forde v. Urania Transportation,* 168 F.Supp. 240, 241 (S.D.N.Y. 1958); Schmertz, *Oral Depositions: The Low Income Litigant and the Federal Rules,* 54 Va.L.Rev. 391, 406 (1968). The court will therefore require that defendants obtain oral discovery from DePetro by either telephone or written interrogatories. Also, in order to fully protect the defendants' interest, the court hereby notifies DePetro that it may impose appropriate sanctions against her if the evidence later shows that she did not fully disclose information that is pertinent to this trial in whichever alternative discovery method the defendants choose to use and the defendants are prejudiced thereby.

Of course, if the defendants still want a face-to-face deposition they can always pay for DePetro to travel to Montgomery or they can go to California and pay for DePetro's lawyer to travel there as well.

Accordingly, it is ORDERED:

(1) That plaintiff Yvonne DePetro's December 29, 1987, motion for protective order is granted; and

(2) That defendants Exxon Corporation and Ray Willis may obtain discovery of plaintiff Yvonne DePetro only through one or more of the following methods: (i) by paying the expenses necessary for her to attend a deposition in Montgomery, Alabama and deposing her here; (ii) by taking her deposition in Benicia, California and paying the expenses necessary for her Montgomery lawyer to attend the deposition; (iii) by taking her deposition over the telephone with the lawyers being located in Montgomery, Alabama and DePetro being located at her home or other convenient location in California; and (iv) by written interrogatories.

---

* DePetro has represented to the court that she will be arriving in Montgomery approximately two weeks before the trial and will be staying with relatives.