Opinion filed January 10, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed January 10,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00353-CV 

                                                    __________

 

                                          IN RE PAUL A. TURNER

 



 

                                                Original
Mandamus Proceeding

 



 

                                                                   O
P I N I O N

 

Paul
A. Turner filed a petition for writ of mandamus complaining of the trial court=s order requiring him to
travel from his home in Hong Kong, China, to Dallas for a deposition.  We
conditionally grant the petition in part.

                                                               Background
Facts

The
underlying dispute involves competing security interests in oil and gas
leases.  In 2006, Paul A. Turner, Trustee, loaned Terax Energy, Inc.
$2,500,000.  Terax=s
debt was secured by a deed of trust, security agreement, assignment of
production, and financing statement executed by Erath Energy, Inc. that
conveyed a security interest in several oil and gas leases in Erath County. 
The parties refer to these as the Mitchell Lease.  Baker Hughes Oilfield
Operations, Inc. d/b/a Hughes Christensen Company also filed a mechanic=s lien against this same
lease.








Baker
Hughes filed suit against Terax and Erath Energy and obtained a default
judgment that foreclosed its lien.  J.D. Fields & Company, Inc. filed a
separate suit against Baker Hughes and twenty to thirty other creditors to stop
foreclosure actions on the Mitchell Lease.  When Turner subsequently initiated
foreclosure proceedings on the Terax note, J.D. Fields added him as a defendant
and asked the court to enjoin his foreclosure.

Baker
Hughes noticed Turner=s
deposition for Stephenville.  Turner filed a motion to quash and for protective
order, and the trial court held a hearing.  Turner offered evidence that he is
not a United States citizen, that he has made occasional business trips to the
United States but does not regularly travel to the United States and has never
been to Texas, that his last trip to the United States was in 2006, and that
this trip was to New York City.  Turner asked the court to quash Baker Hughes=s notice and order that the
deposition be taken by phone or by video.  Baker Hughes responded that, because
Turner was a party, it had the right under Tex.
R. Civ. P. 199.2(b)(2)(C) to take his deposition in Stephenville.  The
trial court ordered that Turner=s
deposition be taken in Dallas, but otherwise denied Turner=s motion.

                                                              Standard
of Review

Mandamus
is an extraordinary remedy available Aonly
in situations involving manifest and urgent necessity and not for grievances
that may be addressed by other remedies.@ 
Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). 
To obtain mandamus relief, the relator must demonstrate a clear abuse of
discretion for which there is no adequate remedy at law.  Id. at
839-40.  A party establishes that no adequate remedy at law exists by showing
that the party is in real danger of permanently losing its substantial rights. 
Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 306 (Tex. 1994). 
Thus, mandamus will not issue absent Acompelling
circumstances.@  Tilton
v. Marshall, 925 S.W.2d 672, 681 (Tex. 1996). 

                                                                        Analysis           

Baker
Hughes argues that, because Turner=s
deposition was scheduled for a location provided for by Tex. R. Civ. P. 199.2(b)(2), the trial court did not abuse
its discretion. See First State Bank, Bishop v. Chappell & Handy, P.C.,
729 S.W.2d 917, 922 (Tex. App.CCorpus
Christi 1987, writ ref=d
n.r.e.) (trial courts have great latitude in selecting the location for a
deposition). Rule 199.2(b)(2) provides that a deposition may take place at
the following locations:

(A)       the
county of the witness=s
residence;

 

(B)       the
county where the witness is employed or regularly transacts business in person;

 








(C)       the
county of suit, if the witness is a party or a person designated by a party
under Rule 199.2(b)(1);

 

(D)       the
county where the witness was served with the subpoena, or within 150 miles of
the place of service, if the witness is not a resident of Texas or is a
transient person; or

 

(E)       subject
to the foregoing, at any other convenient place directed by the court in which
the cause is pending.

 

Baker Hughes
reasons that, because the court was expressly authorized to require Turner to
attend a deposition in Erath County and because it was more convenient for
Turner to travel to Dallas than Stephenville,  no abuse of discretion can be
shown.  Baker Hughes also argues that the trial court=s order is appropriate because it would cost
significantly more to require the thirty defendants to travel to Hong Kong than
to require Turner to travel to Dallas and because it would be difficult for the
defendants= attorneys
to obtain Turner=s
testimony via a telephone deposition.

Baker
Hughes equates ordering Turner to come to Dallas with ordering him to come to
Stephenville.  Turner does not attempt to distinguish between the two
locations.  When a deposition takes place outside one of the counties
specifically identified by Rule 199.2(b)(2), it must be at a convenient
place.  This imposes an additional requirement and may, therefore, alter
the analysis.  But because it is clearly easier for an international traveler
to travel to Dallas than Stephenville, if the trial court was authorized to
order Turner to come to Stephenville for a deposition, it did not abuse its
discretion by moving the deposition to Dallas.  We will, therefore, treat this
deposition as if it were taking place in the county of the suit. 








Baker
Hughes invites us to hold that a deposition in any of the locations provided
for by Rule 199.2(b)(2) is by definition reasonable and, thus, cannot
amount to an abuse of discretion.  We agree that the trial court=s broad discretion in
discovery matters will in most instances afford it the authority to order a
party to appear in the county of the suit for an oral deposition.  However,
when international travel is involved, additional considerations are
implicated.  In Dresser Industries, Inc. v. Solito, 668 S.W.2d 893, 895
(Tex. App.CHouston
[14th Dist.] 1984, no writ), the court noted that the potential for abuse is
very great in such cases and held that trial judges Amust be especially sensitive to the (1) actual
need for the requested depositions and (2) alternative means of taking the
depositions.@  We
agree with the Houston Court=s
analysis.

The
only justification Baker Hughes offers for deposing Turner is the following
statement: AMr. Turner=s deposition is
tremendously important in order to gather information regarding the transaction
involving Mr. Turner and Terax and to determine the priority of the multiple
lien claims in the Lawsuit.@ 
Clearly, Baker Hughes is entitled to depose Turner.  The question is whether
there is an actual need for an oral deposition sufficient to justify requiring
Turner to travel internationally.            The trial court was cognizant of
the travel burden and Turner=s
limited role in the litigation.  It noted that the only issues involving him
were whether he had a lien and, if so, the status of that lien.  The trial
court specifically inquired of counsel why the deposition could not be taken
telephonically.  Baker Hughes=s
counsel responded that he had taken telephone depositions before and that they
were Ajust not the
same thing.@  We
realize that telephone or video depositions are different from traditional oral
depositions and that, when documents are involved, practical problems are
presented.  But we note that bankruptcy courts in the Western District of Texas
routinely conduct trials B
many of which involve numerous documents and parties B by video conference.  An attorney=s preference for an oral
deposition is not synonymous with an actual need for one.  Cf. Int=l Awards, Inc. v. Medina,
900 S.W.2d 934, 936 (Tex. App.CAmarillo
1995, orig. proceeding) (trial court may weigh counsel=s preference for a face-to-face deposition
against the particular circumstances of the case).








Baker
Hughes contends before this court that it would be difficult for numerous
attorneys representing thirty defendants to obtain Turner=s testimony via a
telephone.  This argument asks us to assume a level of interest for which there
is no support in the record.  Baker Hughes was the only party seeking Turner=s deposition.  When the
trial court considered Turner=s
motion to quash, it also considered Turner=s
motion to dismiss and another defendant=s
motion to dismiss.  Turner=s
counsel, Baker Hughes=s
counsel, and J.D. Fields=s
counsel were the only attorneys present.[1] 
Only Baker Hughes has responded to Turner=s
petition for writ of mandamus.  The record indicates that this is Baker Hughes=s deposition.  Even if we
disregard the lack of action by any other codefendant, because Turner=s involvement in this
litigation is limited to the validity and priority of his lien, it is difficult
for us to appreciate why each individual codefendant would need to
pursue a separate line of inquiry.

However,
we do agree that the number of parties participating in the deposition is a
relevant inquiry.  The record indicates that the trial court on its own
initiative expressed concern about Turner being subjected to numerous
deposition requests and that it concluded that ordering him to come to Dallas
would limit his exposure to one deposition.  The trial court=s initiative is
commendable, but because it was requiring Turner to travel from Hong Kong to
Dallas, the court was required to consider why alternative means of taking the
deposition were inadequate.  There is no reason why the trial court would lose
control over the number of depositions Turner is required to give merely
because they are done by phone or video.

 The
trial court discussed alternative methods of deposing Turner but, after
expressing its concern that Turner would be subjected to numerous separate
deposition requests, never resolved the question of whether an alternative
method was sufficient.  Because a party cannot be forced to travel
internationally when alternative means of taking the deposition are adequate,
the trial court abused its discretion by ordering Turner to appear in Dallas
for a deposition.

Turner
not only asks this court for relief from the order requiring him to come to
Dallas but also asks us to direct the trial court to allow him to appear for
his deposition telephonically or by video conference.  This we cannot do for
the record does not conclusively establish that alternative means of taking his
deposition are adequate.  If not, the trial court has the discretion to order
that Turner=s
deposition take place in Dallas.

                                                                        Holding

Turner=s petition for writ of
mandamus is conditionally granted in part.  We are confident that the trial
court will set aside its order directing Turner to appear in Dallas for a
deposition and address whether alternative means of taking Turner=s deposition are adequate. 
If not, a writ of mandamus will issue.

 

January 10, 2008                                                                      RICK
STRANGE

Panel consists of:  Wright, C.J.,                                                 JUSTICE

McCall, J., and Strange, J.









     [1]Robert C. Prather,
Sr. was also present, but he appeared as a witness and not an attorney.