10-3793-cv
Brown v. Astoria Fed. Savings & Loan Assoc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of December, two thousand eleven.

PRESENT:  REENA RAGGI,
          SUSAN L. CARNEY,
                  *Circuit Judges*,
          MARK R. KRAVITZ,[*]
                  *District Judge*.

-------------------------------------------------------------------------------

IRVING BROWN,
          *Plaintiff-Appellant*,

                        v.                                    10-3793-cv

ASTORIA FEDERAL SAVINGS & LOAN ASSOCIATION,
          *Defendant-Appellee*,

NEW YORK STATE SUPREME COURT FOR THE SECOND JUDICIAL DISTRICT,
          *Defendant*.

-------------------------------------------------------------------------------

---

[*] Judge Mark R. Kravitz of the United States District Court for the District of Connecticut, sitting by designation.

FOR APPELLANT:             Irving Brown, *pro se*, Essex, England.

FOR APPELLEE:             James G. Marsh, O'Reilly, Marsh & Corteselli, P.C., Mineola, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brian M. Cogan, *Judge*; Lois Bloom, *Magistrate Judge*.).

UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 10, 2010, is AFFIRMED.

Plaintiff Irving Brown, proceeding pro se, appeals from (1) the denial of his motions for a protective order pursuant to Fed. R. Civ. P. 26(c)(1), and (2) the dismissal of his complaint for Brown's failure to comply with a discovery order pursuant to Fed. R. Civ. P. 37(b)(2)(A).[1] We review a denial of a motion for a protective order for abuse of discretion, which we will find only if the district court's decision rests on an error of law or a clearly erroneous finding of fact, or if the decision cannot be located within the range of permissible outcomes. See SEC v. TheStreet.Com, 273 F.3d 222, 228 & n.6 (2d Cir. 2001). We assume the parties' familiarity with the underlying facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

---

[1] Brown's notice of appeal also cites the district court's February 17, 2009 order dismissing as frivolous his claims against defendant New York Supreme Court for the Second Judicial District. We question whether Brown has properly preserved for our consideration his arguments with respect to the district court's dismissal of his claims against the New York Supreme Court. Assuming—without deciding—that he did so, it is plain that the district court correctly determined that those claims are barred by the Eleventh Amendment. See Gollomp v. Spitzer, 568 F.3d 355, 368 (2d Cir. 2009).

1. Protective Order

    A.    Waiver

To the extent Brown, a resident of England, contests the denial of his motions seeking a protective order requiring defendant Astoria Federal Savings & Loan Association ("Astoria") to conduct Brown's deposition in writing or by telephone rather than in person, his appeal is waived by his failure to file objections to the magistrate judge's orders within 14 days of being served with copies, as required by Fed. R. Civ. P. 72(a). Under that rule, "[a] party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a); see Caidor v. Onondaga County, 517 F.3d 601, 605 (2d Cir. 2008). Brown not only failed to file any objections to the district court from the magistrate judge's June 1 and June 10, 2010 denials of protective orders, he failed to file any objections to the magistrate judge's August 12, 2010 adherence to those denials on reconsideration. Instead, Brown sought to contest the rulings only after Astoria moved to dismiss the action for Brown's failure to attend his deposition. Thus, Brown's appeal from the magistrate judge's denial of his motions for a protective order is waived.

    B.    Merits

Even if we were to excuse Brown's failure to comply with Rule 72(a), we would identify no abuse of discretion in the challenged denials of a protective order. Rule 26(c) states that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . prescribing a discovery method other than the one selected by the party seeking discovery." Fed. R. Civ. P. 26(c)(1)(C). Brown, as the party seeking the protective order, "ha[d] the

3

burden of showing that good cause exist[ed] for issuance of that order." Gambale v. Deutsche Bank AG, 377 F.3d 133, 142 (2d Cir. 2004) (internal quotation marks omitted). Brown did not attempt to carry this burden by offering any evidence that in-person attendance at a deposition in New York would constitute an economic hardship or otherwise burden him.[2] Instead, he conclusorily charged Astoria with seeking a "sham" deposition designed "to harass the Plaintiff and pressur[e] him into abandoning his claim owing to the escalation of costs involved in complying with the request." App. at 68. The district court discredited these allegations of abuse of process and credited Astoria's representations that the opportunity to examine Brown in person to assess his demeanor and credibility was necessary to prepare its defense. On the record presented, we identify no abuse of discretion in the determination that Brown failed to demonstrate good cause for a protective order.

Hyam v. American Export Lines, 213 F.2d 221 (2d Cir. 1954), is not to the contrary. There, we reversed the dismissal of a lawsuit brought by a plaintiff in India who failed to appear for deposition in New York, in the absence of a substantial showing of the necessity to conduct the deposition in the United States. See id. at 223. Hyam, however, is distinguishable, not least by the fact that intercontinental travel is cheaper and faster than it was a half-century ago, when Hyam was decided. Thus, the costs and burdens of traveling from London to New York in 2010 do not necessarily equate to those involved in traveling from Bombay to New York in 1954. This is not to foreclose the possibility that travel

---

[2] The record includes no information regarding Brown's ability to pay for and attend his scheduled deposition in New York. We note, however, that Brown's complaint pertains to Astoria's purportedly late payment of a $30,000 certificate of deposit.

4

between London and New York might warrant a protective order in an appropriate case. But where, as here, a plaintiff makes no showing of particular hardship in attending a deposition in the forum where he filed suit, we identify no abuse of discretion in the denial of a protective order.

2.    Dismissal

Our conclusion with respect to the propriety of the magistrate judge's denials of a protective order prompts us also to reject as without merit Brown's challenge to the dismissal of his complaint. Before granting dismissal, even the district judge afforded Brown "one final chance" to appear for a deposition in New York on September 14, 2010, requiring advance confirmation of intended attendance in writing. App. at 113. Only when plaintiff failed to signal obedience to this fifth instruction in six months requiring attendance at a deposition was a judgment of dismissal entered. That decision fell within the district court's discretion. See Fed. R. Civ. P. 37(b)(2)(A)(v); Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302–03 (2d Cir. 2009).

3.    Remaining Claims

Brown's argument regarding the propriety of serving process on Astoria's law firm is moot because he ultimately served a representative of Astoria itself. Brown's remaining challenges to the district court's judgment are without merit.

The judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5