243 S.W.3d 843 (2008)
In re Paul A. TURNER.
No. 11-07-00353-CV.
Court of Appeals of Texas, Eastland.
January 10, 2008.
*844 William H. Oxford, Stephenville, J. Michael Tibbals, Snell Wylie & Tibbals, Dallas, TX, for respondent.
William R. Sudela, J. Daniel Long and Emily Chan Nguyen, Crady, Jewett & McCulley, LLP, Houston, TX, for Real Party in Interest Baker Hughes Oilfield Operations d/b/a Hughes Christensen Co.
Scott D. Allen and Clay A. Butler, The Allen Firm, P.C., Stephenville, TX, for Real Party in Interest. J.D. Fields & Company & Brett Construction Company, Inc.
Dean Elliott, CEO, Addison, TX, for Real Party in Interest Terax.
Neil J. Orleans, Goins, Underkofler, Crawford, Langdon, Dallas, TX, for Real Party in Interest Schlumberger Technology Corporation.
Robert K. Whitt, Midland, TX, for Real Party in Interest Alliance Drilling Fluids, LLC.
K. Ray Campbell, Attorney At Law, Houston, TX, for Real Party in Interest Magnum Oilfield Service, Inc.
James A. Collura Jr., Houston, TX, for Real Party in Interest BSI Holdings Mgmt of Red River Well Service Ltd. d/b/a Basisn Tooll.
Michael Nicholls Pugh, Coan & Elliott, P.C., Stephenville, TX, for Real Party in Interest Ideal Energy Directional Drilling Services, Inc.
Colton P. Johnson, Albany, TX, for Real Party in Interest Digital Mud Logging, LLC.
Clifford Littlefield, Upton, Mickits, Hardwick & Heymann, Corpus Christi, TX, for Real Party in Interest Atlas Tubular, Inc.
Peter Scaff, Gardere, Wynne, Sewell, LLP, Houston, TX, for Real Party in Interest Pacesetter Energy Field Services, LLC d/b/a Pacesetter Well Service.
Bradley A. Waters, Adams and Reese, LLP, Houston, TX, for Real Party in Interest Integrated Production Services, Inc.
Jason M. Johnson, Northcutt, Johnson & Parker, P.C., Stephenville, TX, for Real Party in Interest Eddy Lindley.
Troy Okruhlik, Harris, Finley & Bogle, Fort Worth, TX, for Real Party in Interest NTEG, LLC, Star & Associates, L.P., RYBO Perforating and Logging, LP and Flo Control, LP.
Heath Allen, Stephenville, TX, for Real Party in Interest Jay Mills Contracting, Inc.
Robert J. Widmer Jr., Robert J. Widmer, P.C., Denton, TX, for Impact Energy Services, Ltd.
Norman L. Burns, Munson & Burns, Gonzales, TX, for Real Party in Interest Harding Pump & Supply, Inc.
Randall L. Rouse, Lynch, Chappell & Alsup, P.C., Midland, TX, for Real Party in Interest Well Testing Wireline Service Company, Inc.
D. Prichard Bevis and James P. McGowen, McGowen & Shaw, P.L.L.C., Dallas, TX, for Real Party in Interest Caraway Enterprises, LLC.
John C. Boucher, Stephenville, TX, for Real Party in Interest Don C. Mitchell, and Lola.
Carl Dore Jr., Dore & Associates, Attorneys, P.C., houston, TX, for Real Party in Interest Opti-Flow, LLC and Basic Energy Services, LP.
Paul Stipanovic, Gossett, Harrison, Reese, Millican & Stipanovic, P.C., San *845 Angelo, TX, for Real Party in Interest Geosite, Inc.
Otis O. Bakke, Attorney At Law, Fort Worth, TX, for Real Party in Interest Centex Pipeline Construction, Inc.
Dewey M. Dalton, Jones, Allen & Fuquay, LLP, Dallas, TX, for Real Party in Interest Holdttexas, Ltd., d/b/a Hold Cat, Intervenor.
James E. Young, CFA, Stephenville, TX, pro se.
Panel consists of WRIGHT, C.J., McCALL, J., and STRANGE, J.

OPINION
RICK STRANGE, Justice.
Paul A, Turner filed a petition for writ of mandamus complaining of the trial court's order requiring him to travel from his home in Hong Kong, China, to Dallas for a deposition. We conditionally grant the petition in part.

Background Facts
The underlying dispute involves competing security interests in oil and gas leases. In 2006, Paul A. Turner, Trustee, loaned Terax Energy, Inc. $2,500,000. Terax's debt was secured by a deed of trust, security agreement, assignment of production, and financing statement executed by Erath Energy, Inc. that conveyed a security interest in several oil and gas leases in Erath County. The parties refer to these as the Mitchell Lease. Baker Hughes Oilfield Operations, Inc. d/b/a Hughes Christensen Company also filed a mechanic's lien against this same lease.
Baker Hughes filed suit against Terax and Erath Energy and obtained a default judgment that foreclosed its lien. J.D. Fields & Company, Inc. filed a separate suit against Baker Hughes and twenty to thirty ether creditors to stop foreclosure actions on the Mitchell Lease. When Turner subsequently initiated foreclosure proceedings on the Terax note, J.D. Fields added him as a defendant and asked the court to enjoin his foreclosure.
Baker Hughes noticed Turner's deposition for Stephenville. Turner filed a motion to quash and for protective order, and the trial court held a hearing. Turner offered evidence that he is not a United States citizen, that he has made occasional business trips to the United States but does not regularly travel to the United States and has never been to Texas, that his last trip to the United States was in 2006, and that this trip was to New York City. Turner asked the court to quash Baker Hughes's notice and order that the deposition be taken by phone or by video. Baker Hughes responded that, because Turner was a party, it had the right under TEX.R. CIV. P. 199.2(b)(2)(C) to take his deposition in Stephenville. The trial court ordered that Turner's deposition be taken in Dallas, but otherwise denied Turner's motion.

Standard of Review
Mandamus is an extraordinary remedy available "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." Walker v. Packer, 827 S.W.2d 833, 840 (Tex.1992) (orig.proceeding). To obtain mandamus relief, the relator must demonstrate a clear abuse of discretion for which there is no adequate remedy at law. Id. at 839-40. A party establishes that no adequate remedy at law exists by showing that the party is in real danger of permanently losing its substantial rights. Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 306 (Tex. 1994). Thus, mandamus will not issue absent "compelling circumstances." Tilton *846 v. Marshall, 925 S.W.2d 672, 681 (Tex. 1996).

Analysis
Baker Hughes argues that, because Turner's deposition was scheduled for a location provided for by TEX.R. CIV. P. 199.2(b)(2), the trial court did not abuse its discretion. See First State Bank, Bishop v. Chappell & Handy, P.C., 729 S.W.2d 917, 922 (Tex.App.-Corpus Christi 1987, writ ref'd n.r.e.) (trial courts have great latitude in selecting the location for a deposition). Rule 199.2(b)(2) provides that a deposition may take place at the following locations:
(A) the county of the witness's residence;
(B) the county where the witness is employed or regularly transacts business in person;
(C) the county of suit, if the witness is a party or a person designated by a party under Rule 199.2(b)(1);
(D) the county where the witness was served with the subpoena, or within 150 miles of the place of service, if the witness is not a resident of Texas or is a transient person; or
(E) subject to the foregoing, at any other convenient place directed by the court in which the cause is pending.
Baker Hughes reasons that, because the court was expressly authorized to require Turner to attend a deposition in Erath County and because it was more convenient for Turner to travel to Dallas than Stephenville, no abuse of discretion can be shown. Baker Hughes also argues that the trial court's order is appropriate because it would cost significantly more to require the thirty defendants to travel to Hong Kong than to require Turner to travel to Dallas and because it would be difficult for the defendants' attorneys to obtain Turner's testimony via a telephone deposition.
Baker Hughes equates ordering Turner to come to Dallas with ordering him to come to Stephenville. Turner does not attempt to distinguish between the two locations. When a deposition takes place outside one of the counties specifically identified by Rule 199.2(b)(2), it must be at a convenient place. This imposes an additional requirement and may, therefore, alter the analysis. But because it is clearly easier for an international traveler to travel to Dallas than Stephenville, if the trial court was authorized to order Turner to come to Stephenville for a deposition, it did not abuse its discretion by moving the deposition to Dallas. We will, therefore, treat this deposition as if it were taking place in the county of the suit.
Baker Hughes invites us to hold that a deposition in any of the locations provided for by Rule 199.2(b)(2) is by definition reasonable and, thus, cannot amount to an abuse of discretion. We agree that the trial court's broad discretion in discovery matters will in most instances afford it the authority to order a party to appear in the county of the suit for an oral deposition. However, when international travel is involved, additional considerations are implicated. In Dresser Industries, Inc. v. Solito, 668 S.W.2d 893, 895 (Tex.App.-Houston [14th Dist.] 1984, no writ); the court noted that the potential for abuse is very great in such cases and held that trial judges "must be especially sensitive to the (1) actual need for the requested depositions and (2) alternative means of taking the depositions." We agree with the Houston Court's analysis.
The only justification Baker Hughes offers for deposing Turner is the following statement: "Mr. Turner's deposition is tremendously important in order to gather information regarding the transaction involving *847 Mr. Turner and Terax and to determine the priority of the multiple lien claims in the Lawsuit." Clearly, Baker Hughes is entitled to depose Turner. The question is whether there is an actual need for an oral deposition sufficient to justify requiring Turner to travel internationally.
The trial court was cognizant of the travel burden and Turner's limited role in the litigation. It noted that the only issues involving him were whether he had a lien and, if so, the status of that lien. The trial court specifically inquired of counsel why the deposition could not be taken telephonically, Baker Hughes's counsel responded that he had taken telephone depositions before and that they were "just not the same thing." We realize that telephone or video depositions are different from traditional oral depositions and that, when documents are involved, practical problems are presented. But we note that bankruptcy courts in the Western District of Texas routinely conduct trialsmany of which involve numerous documents and partiesby video conference. An attorney's preference for an oral deposition is not synonymous with an actual need for one. Cf. Intl Awards, Inc. v. Medina, 900 S.W.2d 934, 936 (Tex.App.-Amarillo 1995, orig. proceeding) (trial court may weigh counsel's preference for a face-to-face deposition against the particular circumstances of the case).
Baker Hughes contends before this court that it would be difficult for numerous attorneys representing thirty defendants to obtain Turner's testimony via a telephone. This argument asks us to assume a level of interest for which there is no support in the record. Baker Hughes was the only party seeking Turner's deposition. When the trial court considered Turner's motion to quash, it also considered Turner's motion to dismiss and another defendant's motion to dismiss. Turner's counsel, Baker Hughes's counsel, and J.D. Fields's counsel were the only attorneys present.[1] Only Baker Hughes has responded to Turner's petition for writ of mandamus. The record indicates that this is Baker Hughes's deposition. Even if we disregard the lack of action by any other codefendant, because Turner's involvement in this litigation is limited to the validity and priority of his lien, it is difficult for us to appreciate why each individual codefendant would need to pursue a separate line of inquiry.
However, we do agree that the number of parties participating in the deposition is a relevant inquiry. The record indicates that the trial court on its own initiative expressed concern about Turner being subjected to numerous deposition requests and that it concluded that ordering him to come to Dallas would limit his exposure to one deposition. The trial court's initiative is commendable, but because it was requiring Turner to travel from Hong Kong to Dallas, the court was required to consider why alternative means of taking the deposition were inadequate. There is no reason why the trial court would lose control over the number of depositions Turner is required to give merely because they are done by phone or video.
The trial court discussed alternative methods of deposing Turner but, after expressing its concern that Turner would be subjected to numerous separate deposition requests, never resolved the question of whether an alternative method was sufficient. Because a party cannot be forced to travel internationally when alternative means of taking the deposition are adequate, the trial court abused its discretion by ordering Turner to appear in Dallas for a deposition.
*848 Turner not only asks this court for relief from the order requiring him to come to Dallas but also asks us to direct the trial court to allow him to appear for his deposition telephonically or by video conference. This we cannot do for the record does not conclusively establish that alternative means of taking his deposition are adequate. If not, the trial court has the discretion to order that Turner's deposition take place in Dallas.

Holding
Turner's petition for writ of mandamus is conditionally granted in part. We are confident that the trial court will set aside its order directing Turner to appear in Dallas for a deposition and address whether alternative means of taking Turner's deposition are adequate. If not, a writ of mandamus will issue.
NOTES
[1] Robert C. Prather, Sr. was also present, but he appeared as a witness and not an attorney.