**Opinion filed August 13, 2015**



## In The

# Cleventh Court of Appeals

_____

## No. 11-13-00190-CV

_____

## LIONELL BREAUX AND L.J. BREAUX, L.L.C., Appellants
## V.
## WEST TEXAS PETERBILT (LUBBOCK), INC., D/B/A WEST TEXAS PETERBILT (ODESSA), Appellee

### On Appeal from the 161st District Court
### Ector County, Texas
### Trial Court Cause No. B-130,712

### M E M O R A N D U M   O P I N I O N

Lionell Breaux and L.J. Breaux, L.L.C. appeal an order in which the trial court granted a no-evidence motion for summary judgment denying all of their claims for affirmative relief against West Texas Peterbilt. Prior to granting the no-evidence motion for summary judgment, the trial court imposed a discovery sanction that ultimately had the effect of striking the testimony of Jeramie Thibodeaux, Appellants' designated testifying expert. Appellants subsequently relied on an affidavit executed by Thibodeaux in response to West Texas Peterbilt's no-evidence motion for summary judgment. The trial court granted West Texas Peterbilt's

no-evidence motion for summary judgment on the basis that it had previously struck Thibodeaux as an expert in the case for Appellants. Appellants raise two issues on appeal. In their first issue, they assert that the trial court erred when it struck Thibodeaux as their expert. In their second issue, Appellants contend that the trial court erred when it granted West Texas Peterbilt's no-evidence motion for summary judgment. We affirm.

*Background Facts*

West Texas Peterbilt initiated the underlying proceedings against Appellants in December 2010 to collect on a truck repair bill that it alleged remained unpaid. Appellants subsequently asserted a counterclaim under the Deceptive Trade Practices Act (DTPA) against West Texas Peterbilt based upon allegations that West Texas Peterbilt's repairs were not performed in a good and workmanlike manner. West Texas Peterbilt ultimately dismissed its claims for affirmative relief against Appellants. Accordingly, Appellants' claim for affirmative relief against West Texas Peterbilt was the only claim pending at the time the trial court entered the no-evidence summary judgment against Appellants.

In February 2011, Appellants designated Thibodeaux both as a person with knowledge of relevant facts and as a testifying expert in its responses to requests for disclosure. *See* TEX. R. CIV. P. 194. The designations listed Thibodeaux's address as being located in Carencro, Louisiana.

On March 7, 2012, West Texas Peterbilt sent a deposition notice to Appellants of its intent to take the oral deposition of Thibodeaux on March 28, 2012, in Odessa, Texas. Thibodeaux did not appear for his deposition at the time and location specified in the deposition notice. West Texas Peterbilt subsequently filed a motion to exclude expert testimony from Thibodeaux based upon his nonappearance at the March deposition in Odessa. West Texas Peterbilt alleged in the motion that Appellants failed to produce Thibodeaux for the noticed deposition. It additionally

alleged that it had previously conferred with Appellants' counsel to arrange mutually agreeable details for Thibodeaux's deposition in Odessa.

On October 9, 2012, the trial court held a hearing on West Texas Peterbilt's motion to exclude Thibodeaux's testimony as an expert. Appellants' counsel asserted that he attempted to have Thibodeaux appear for a deposition in Odessa but was unable to do so because "he is not under our control." At the conclusion of the hearing, the trial court orally ruled that Appellants must produce Thibodeaux in Odessa within ten days for his deposition. Appellants did not produce Thibodeaux in Odessa for his deposition within the ten-day period. The trial court subsequently entered a written order on October 25, 2012, excluding any expert testimony from Thibodeaux.

West Texas Peterbilt filed its no-evidence motion for summary judgment on December 27, 2012, with respect to Appellants' claim for affirmative relief. In its motion, West Texas Peterbilt referenced the trial court's October 2012 order excluding any expert testimony from Thibodeaux. It further alleged that Appellants could not establish their DTPA claim without expert testimony about "the inner workings of diesel engines" and that Appellants had not designated another expert to provide the requisite expert testimony.

Appellants filed a response to the no-evidence motion for summary judgment in April 2013. Appellants' response included an affidavit executed by Thibodeaux wherein he opined that the repairs performed by West Texas Peterbilt caused mechanical damage to Appellants' truck. Appellants' response also included a request for the trial court to reconsider its prior order striking Thibodeaux as an expert witness. It appears that West Texas Peterbilt filed a reply to Appellants' response that included objections to Thibodeaux's affidavit based on the previous order excluding any expert testimony from him. However, West Texas Peterbilt's reply has not been made a part of the appellate record.

The trial court heard the no-evidence motion for summary judgment on April 22, 2013. During the hearing, the parties and the trial court revisited the prior order excluding expert testimony from Thibodeaux. The trial court ultimately granted the no-evidence motion for summary judgment by a written order entered in June 2013. In the written order, the trial court specifically sustained two evidentiary objections that West Texas Peterbilt had lodged against Appellants' summary judgment evidence, including West Texas Peterbilt's objection to Thibodeaux's affidavit.

*Analysis*

In their first issue, Appellants challenge the trial court's discovery sanction striking Thibodeaux as an expert witness based upon his failure to appear in Odessa for his deposition. In their second issue, Appellants challenge the trial court's order granting West Texas Peterbilt's no-evidence motion for summary judgment. We will limit our analysis to Appellants' second issue because it is dispositive of this appeal.

There is no dispute that the trial court granted West Texas Peterbilt's no-evidence motion for summary judgment based upon its evidentiary ruling that struck Thibodeaux's affidavit that Appellants filed as a part of their summary judgment evidence. The order granting the no-evidence motion for summary judgment provided as follows in this regard:

> In its Reply Brief, Peterbilt lodged two objections to Defendants/ Counter-Plaintiffs' summary judgment evidence. As to the objections, the Court makes the following rulings:
> . . . .
>
> 2. Defendant's objection that the testimony through the use of the affidavit of Jeremie Thibodeaux as Exhibit B to Defendants'/ Counter-Plaintiffs' response to Peterbilt's No-Evidence Motion for Summary Judgment is SUSTAINED.

4

The summary judgment order also contained a provision striking a business records affidavit executed by Thibodeaux. Appellants acknowledge the significance of these evidentiary rulings in their brief wherein they state that, "[b]ut for the erroneous rulings excluding Thibodeaux's testimony, [Appellants'] submitted evidence established that Peterbilt breached the implied warranty to perform repairs on the 2007 Peterbilt in a good and workmanlike manner."

We review the trial court's admission or exclusion of summary judgment evidence under an abuse of discretion standard. *CA Partners v. Spears*, 274 S.W.3d 51, 63 (Tex. App.—Houston [14th Dist.] 2008, pet. denied); *Harris v. Showcase Chevrolet*, 231 S.W.3d 559, 561 (Tex. App.—Dallas 2007, no pet.); *Barraza v. Eureka Co.*, 25 S.W.3d 225, 228 (Tex. App.—El Paso 2000, pet. denied); *see Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 617 (Tex. 2000) (The admission or exclusion of evidence "is committed to the trial court's sound discretion."). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *U–Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012); *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 754 (Tex. 1995).

As noted previously, the trial court entered its order excluding Thibodeaux as an expert witness in October 2012. The trial court entered the order based upon Thibodeaux's nonappearance in Odessa to give his deposition pursuant to the deposition notice issued by West Texas Peterbilt and the trial court's subsequent oral ruling requiring Thibodeaux to appear in Odessa within ten days.

Appellants did not file an objection to the location selected by West Texas Peterbilt for Thibodeaux's deposition as provided for in the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 199.4. Furthermore, they did not seek mandamus relief from the trial court's order requiring Thibodeaux to appear for his deposition in Odessa. Mandamus will issue when a trial court orders a deposition to occur in a

location contrary to the rules of procedure. *In re Alamex, NV*, No. 01-12-00037-CV, 2012 WL 1564323, at *1 (Tex. App.—Houston [1st Dist.] May 3, 2012, no pet.) (mem. op.); *In re Wells Fargo Bank, N.A.*, No. 03-10-00469-CV, 2010 WL 3271159, at *1 (Tex. App.—Austin Aug. 16, 2010, orig. proceeding) (mem. op.) (relying on *Wal-Mart Stores, Inc. v. Street*, 754 S.W.2d 153, 155 (Tex. 1988) (orig. proceeding)); *In re Prince*, No. 14-06-00895-CV, 2006 WL 3589484, at *4 (Tex. App.—Houston [14th Dist.] Dec. 12, 2006, orig. proceeding) (mem. op.); *see, e.g.*, *In re Turner*, 243 S.W.3d 843 (Tex. App.—Eastland 2008, orig. proceeding); *Grass v. Golden*, 153 S.W.3d 659, 663 (Tex. App.—Tyler 2004, orig. proceeding); *In re W. Star Trucks US, Inc.*, 112 S.W.3d 756, 761–62, 764–65 (Tex. App.—Eastland 2003, orig. proceeding); *In re Rogers*, 43 S.W.3d 20, 29 (Tex. App.—Amarillo 2001, orig. proceeding).

The order excluding Thibodeaux as an expert witness remained in effect for two months prior to West Texas Peterbilt filing its no-evidence motion for summary judgment, and it remained in effect for approximately four additional months prior to Appellants filing Thibodeaux's affidavit as a part of their summary judgment evidence. As noted above, if Appellants were correct in their assertion that Odessa was not a proper location for Thibodeaux's deposition, they could have challenged the trial court's rulings by mandamus. Accordingly, we conclude that the trial court did not abuse its discretion by excluding Thibodeaux's affidavit as summary judgment evidence based upon its previous ruling that had been in effect for six months without being challenged by Appellants.

A trial court must grant a no-evidence motion for summary judgment "unless the respondent produces summary judgment evidence raising a genuine issue of material fact." TEX. R. CIV. P. 166a(i). The trial court's exclusion of Thibodeaux's affidavit was not erroneous. Thus, Appellants did not offer any summary judgment

6

evidence that raised a genuine issue of material fact. We overrule Appellants' second issue.

*This Court's Ruling*

We affirm the order of the trial court.


JOHN M. BAILEY

JUSTICE


August 13, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.